LAWYERS LLOYDS OF TEXAS ET AL V. JUANITA WEBB ET AL.

No. 7864. Decided June 25, 1941.
(152 S. W., 2d Series, 1096.)

108

*Currie McCutcheon* and *Bruce Graham,* both of Dallas, for plaintiff in error.

Sureties on a replevy bond who have taken no part in the trial of a case, either in person or by attorney, can, after judgment has been rendered against them, present and argue a motion for new trial to the trial court without bringing themselves within the purview of Article 2249a, Vernon Statutes, prohibiting an appeal by writ of error to the parties who participated, in person or by attorney, in the actual trial of the case in the trial court. City of Ft. Worth, v. Capps Land Co., 205 S. W. 491; Gulf C. & S. F. Ry. Co. v. Muse, 109 Texas 352, 207 S. W. 897; Price v. Sieger, 33 S. W. (2d) 519.

*L. W. Shepperd* and *B. L. Bradley,* both of Groesbeck, for defendants in error.

Where the sureties on a replevy bond in a sequestration file, present and argue a motion for new trial in the trial court and give notice of appeal from the action of the trial court in overruling such motion for new trial, such action constitutes a participation in the actual trial of the case within the purview of Article 2249a Vernon's statutes, prohibiting an appeal by writ of error to those who participate in the trial of the case in the trial court. Johnson v. Woodruff, 42 S. W. (2d) 687; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas 452; Coalson v. Holmes, 111 Texas 502, 240 S. W. 896.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

J. F. Russell and wife brought this suit against Juanita Webb and others to recover a tract of land. Juanita Webb reconvened and sequestered the property. Thereupon Russell and wife replevied the property, Lawyers Lloyds of Texas and others being sureties on the replevy bond. The trial court rendered judgment against Russell and wife and the sureties on said bond. Said sureties on the replevy bond, who are the plaintiffs herein, attempted to appeal to the Court of Civil Appeals by writ of error, but their appeal was dismissed by the Court of Civil Appeals on the theory that they had participated in the trial of the case, and were therefore not entitled to appeal by writ of error. 150 S. W. (2d) 181.

Acts of 1939, 46th Leg., p. 59, read as follows:

"SECTION 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"SEC. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

\*   \*   \*   \*   \*

"SEC. 4. The need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error and the near approach of the end of the session creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is suspended and this Act shall. take effect from and after its passage, and it is so enacted."

Lawyers Lloyds of Texas and the other plaintiffs in error took no part in the trial of the case prior to the rendition of final judgment, and were not represented therein, except in so far as they were represented as a matter of law through the presence and participation of the plaintiffs, Russell and wife, for whom they were sureties. They did file a motion for new trial.

1, 2 It will be noted that the statute above quoted does not undertake to take away the right of appeal by writ of error entirely. It denies that right only to one "who participates either in person or by his attorney in the *actual* trial of the case." (Italics ours.) Ordinarily, the "trial" includes every step taken in the destination of the issues between the parties, and therefore includes the hearing on a motion for new trial. Gulf, C. & S. F. R. Co. v. Muse, 109 Texas 352, 207 S. W. 897, 4 A. L. R. 613; Pratley v. Sherwin-Williams Co. of Texas (Com. App.), 36 S. W. (2d) 195. But by the use of the term "actual trial" the Legislature evidently intended to limit or restrict the meaning of the word "trial." The *actual trial* of a case, as ordinarily undersood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the

hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

3    There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a short period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. Revised Civil Statutes 1925, Arts. 2253 and 2255. The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the hearing of the evidence will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court. A party who did not participate in the hearing leading up to the rendition of judgment, but merely filed a motion for new trial, would be no more familiar with the record in most instances, than one who did not so file a motion for new trial. We hold that the mere filing of a motion for new trial was not such participation in the actual trial of the case as to defeat the plaintiffs in error's right of appeal by writ of error.

4    We also hold that the plaintiffs in error, as sureties on the replevy bond, did not participate in the actual trial of the case "either in person or by his attorney," within the meaning of the Act, merely because their principal so participated. It is true that the sureties on the replevy bond are parties to the suit in a limited sense, so as to authorize judgment against them on their bond in the event of a judgment against their principal; but, ordinarily, in the absence of default on the part of the principal or an allegation of fraud, collusion, or the like, such sureties must leave the conduct of the case to their

principal. 38 Tex. Jur. 197; Wandelohr v. Grayson County National Bank, 102 Texas 20, 108 S. W. 1154, 112 S. W. 1046; Hawkins v. First National Bank, 175 S. W. 163. Consequently, even though their principal participated in the trial, the sureties on the replevy bond did not do so within the meaning of the Act.

5   Moreover, the statute here under consideration is at least open to the consrtuction which we have given it. It is well settled in this State that statues giving and regulaing the right of appeal are recognized as remedial in their nature, and, in case of doubtful construction, should be liberally construed in favor of the right of appeal thereunder. Pratley v. Sherwin-Williams Co. of Texas (Com. App.), 36 S. W. (2d) 195, par. 3; Parks v. Prunnell, 135 Texas 182, 141 S. W. (2d) 585, par. 3.

It follows that the Court of Civil Appeals erred in dismissing the appeal.

However, the fact that we hold that the sureties on the replevy bond have a right to so appeal should not be construed as a holding that such sureties may raise on appeal any error that might be raised by their principal. That question is not before us. In this connection see 38 Tex. Jur. 247; Wandelohr v. Grayson County National Bank, supra.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court with instructions to proceed with the hearing of the case not inconsistent with this opinion.

Opinion delivered June 25, 1941.