Jack O. **NUTTER** et al., Appellants,

v.

Gil K. **PHARES**, Trustee, Appellee.

No. 7700.

Court of Civil Appeals of Texas, Beaumont.

May 1, 1975.

Rehearing Denied May 22, 1975.

Dan Hennigan, Houston, for appellants.

Perry McPherson, Port Arthur, for appellee.

KEITH, Justice.

Defendants have filed their petition for writ of error to review a summary judgment entered by the trial court, and plaintiff has filed a motion to dismiss.

Following service of process on the defendants, an answer was filed on their behalf by W. W. Selman and Dale Harvill, the signature being that of Harvill. Plaintiff served requests for admission on counsel who had answered, but no replies were made nor did counsel seek an extension of time within which to prepare and file answers thereto.

Thereafter, plaintiff filed his motion for summary judgment, the trial court set a date for hearing of the motion and notice was given to counsel who had answered for the defendants. Upon the date of the hearing, according to the record of the proceedings, defendants appeared through W. W. Selman and Dale Harvill with "Hon. Michael E. Shelton, Of Counsel." Mr. Shelton sought an extension of time within which to file answers to the requests for admissions but such was denied. Mr. Shelton then participated in the hearing on the motion for summary judgment. The judgment was actually signed by the trial judge on the day of the hearing.

Sixty-two days after the entry of the judgment, defendants filed their petition for writ of error and plaintiff has filed his motion to dismiss for want of jurisdiction. Defendants have answered the motion to dismiss by attaching affidavits of the defendants, which are identical in content, stating: (a) that he retained W. W. Selman as his attorney to represent him in the suit; (b) the contract of employment was oral and he did not authorize Selman to retain other counsel to represent him; (c) that more than thirty days after the entry of the judgment he learned that judgment had been entered and learned for the first time that Harvill had signed an answer in his behalf; (d) that he did not know Harvill and did not consent to or authorize him to represent him in the suit; (e) he learned also that Shelton had appeared at the hearing but that he did not know Shelton and did not authorize or consent to his appearance in the proceeding.

There were no affidavits submitted from Selman, Harvill, or Shelton. Plaintiff has not controverted defendants' affidavits.

The judgment entered by the trial court at the conclusion of the summary judgment hearing recited that the defendants "had appeared herein by filing answer," but did not recite the appearance of counsel at the hearing. Participation in the hearing by Attorney Shelton is shown only by the statement of facts.

■ The courts hold that the provisions of the statute denying the right to use a petition for writ of error to review a judgment when a party appeared in the trial are mandatory, jurisdictional and cannot be waived. Leuer v. Smith, 335 S.W.2d 775, 777 (Tex.Civ.App.—San Antonio 1960, no writ); Brandt v. Village Homes, Inc., 466 S.W.2d 812, 813 (Tex.Civ.App.—Fort Worth 1971, no writ); Thacker v. Thacker, 496 S.W.2d 201, 205 (Tex.Civ.App.—Amarillo 1973, writ dism'd).

■ This court is authorized, by affidavit or otherwise, to ascertain matters necessary to the proper exercise of our jurisdiction. Vernon's Tex.Rev.Civ.Stat.Ann. art. 1822 (1964); Texas Rules of Civil Procedure, rule 406; Farmer v. Cassity, 152 Tex. 570, 262 S.W.2d 392, 393 (1953); Rosenfeld v. Steelman, 405 S.W.2d 301, 303 (Tex.1966).

We are also familiar with the rule that recitations in a judgment of the trial court cannot be impeached by such affidavits. See Leuer v. Smith, supra, where the court referred to the statement of facts to show participation in the trial of the cause. It has even been held that an actual appearance is not required at a hearing on the motion for summary judgment. Thacker v. Thacker, supra.

Under the record, *as made in the trial court,* defendants participated in the actual trial of the cause and are denied the right of review of the judgment by writ of error. Thacker v. Thacker, supra (496 S. W.2d at 203), and cases therein cited. Thus, the question now ripe for consideration may be stated in this manner: May defendants, by their own posttrial affidavits, by denial of the authority of the attorney, procure such review? Although we find no direct authority for our answer, we are of the opinion that such a result is not in accord with the law of this state and answer the question in the negative.

At the outset of our discussion we note that, while a defendant may require plaintiff's counsel to exhibit his authority to maintain the suit under Tex.R.Civ.P. 12, there is no similar provision by which a plaintiff may question the authority of counsel to appear for a defendant. Angelina County v. McFarland, 374 S.W.2d 417, 423 (Tex.1964).

The judgment from which defendants now seek to appeal was regular upon its face. It recited the appearance of the defendants by the filing of the answer; and, defendants' own affidavits show that personal service of citation was had long before the judgment was entered. Thus, the trial court had jurisdiction over the defendants and the subject matter of the litigation. Moreover, this judgment became final on December 12, 1974. Tex.R.Civ.P. 329b, § 5. Defendants did not file their petition for writ of error until January 14, 1975.

The record shows conclusively that the trial court had jurisdiction to enter the judgment and, under the authorities discussed earlier, this court has no jurisdiction to consider the petition for the writ of error. Defendants' attempt to impeach the judgment by their own affidavits is a collateral attack upon a final judgment and may not be considered. See generally, Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 328 (1895); Akers v. Simpson, 445 S.W.2d 957, 959 (Tex.1969); G. Hodges, "Collateral Attacks on Judgments," 51 Tex.L.Rev. 163, et seq. (1962).

We recognize the fact that a petition for writ of error is a direct attack upon a judgment; but, that is not the point now under consideration. Defendants seek to invoke our jurisdiction by the petition for writ of error by making a collateral attack upon the judgment, i. e., it was entered after an appearance by an unauthorized attorney.

We will not go behind the judgment itself to determine if defendants' contentions, as urged, have merit. It is sufficient to say that, in the posture in which the question is presented, we will not permit a collateral attack upon a final judgment to be used as a base for the invocation of our appellate jurisdiction.

The attempted appeal—by writ of error—is not to be used as a substitute for a bill of review. As to the latter form of relief, we express no opinion as to its applicability, simply commenting that it is in the nature of a direct attack upon the judgment for defects not apparent upon the face of the judgment roll. See and compare McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 709 (1961); and Petro-Chemical Transport, Inc. v. Carroll, 514 S.W.2d 240 (Tex.1974).

The petition for the writ of error is dismissed for want of jurisdiction.