Pettis B. NORMAN, et al., Appellants,

v.

The DALLAS COWBOYS FOOTBALL CLUB, INC., et al., Appellees.

No. 05–83–00594–CV.

Court of Appeals of Texas, Dallas.

Nov. 28, 1983.

138

Frank P. Hernandez, Hernandez, Inc., Dallas, for appellants.

William D. Sims, Jr., Jenkens & Gilchrist, Richard Gray, Jr., Dallas, for appellees.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

Appellants, former players for the Dallas Cowboy Football Club, Inc., sued the Cowboys and two doctors for withholding medical information from appellants. After an adverse judgment, appellants perfected a direct appeal, but the transcript was filed late, and appellants also filed a petition for writ of error. Appellees have filed motions to dismiss the appeal and the writ of error and motions to extend time for filing briefs. We grant the motions to dismiss; consequently, the motions regarding the briefs are moot.

### Finality of Judgment

■ Initially the court is presented with the issue of whether the judgment appealed from is final because the judgment does not expressly dispose of appellant Norman's claims against the Cowboys. The trial court had stricken Norman's pleadings in response to a motion for sanctions but signed no order dismissing his suit. Norman did not attempt to file further pleadings. The court also granted the Cowboys' motion for summary judgment on its counterclaim against Norman and the doctors' motion for summary judgment on the claims of all plaintiffs. The judgment appealed from incorporates the prior order striking Norman's pleadings and the summary judgments, and disposes of the claims of all other parties, but does not expressly dispose of Norman's claim. The judgment was rendered after a trial on the merits and is not interlocutory in form. We hold that it disposes of Norman's claim against the Cowboys by implication and is, therefore, final. *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966).

### Motions to Dismiss Appeal

■ Since the judgment is appealable, our question is whether the appeal should be dismissed because appellants did not timely file the transcript. The transcript was due December 26. The appeal bond had been timely filed on December 16, but the transcript was not filed with the clerk

of this court until May 16. No motion for extension of time was filed; appellants contend they were not aware that the transcript had not been prepared and filed by the district clerk.

Rule 21c of the Texas Rules of Civil Procedure provides that an extension of time may be granted for late filing of a transcript if a motion reasonably explaining the need therefor is filed within fifteen days of the last date for filing. Appellants did not file a motion within fifteen days of the due date for the transcript. Therefore, the motions to dismiss the appeal are granted. *B.D. Click Co., Inc. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

### Motions to Dismiss Writ of Error

■ The Cowboys and the doctors contend that the writ of error filed by appellants also should be dismissed because appellants participated in the trial. We agree, although Norman's situation differs from that of the other appellants. The other appellants tried their case against the Cowboys to a jury. Therefore, they are not entitled to review by this court by writ of error. TEX.REV.CIV.STAT.ANN. art. 2249a (Vernon Supp.1982). Norman, on the other hand, did not participate in the final trial. Therefore, the record must be reviewed to determine whether his participation in other proceedings bars his writ of error as well.

Norman's suit was based on the alleged failure of the Cowboys and the doctors to disclose medical information. The Cowboys' counterclaim against Norman was based on a guaranty agreement. The Cowboys filed a motion for summary judgment on the counterclaim and Norman filed a verified answer to the counterclaim, but did not file a written response to the motion for summary judgment. The trial court's order granting the Cowboys summary judgment did not reflect any appearances by attorneys. On appeal no complaint is made of this summary judgment.

Subsequently, the Cowboys filed a motion for sanctions in Norman's suit for his failure to answer interrogatories and his failure to comply with the trial court's order compelling answers. After a hearing at which the parties appeared by counsel, the trial court granted the Cowboys' motion for sanctions and struck Norman's pleadings against the Cowboys. These two orders left no further issues to be resolved between Norman and the Cowboys.

The doctors filed motions for summary judgment against Norman and all other plaintiffs. Norman filed a motion to postpone the hearing to allow discovery and also a response to the motion for summary judgment. The next day Norman filed his affidavit and an exhibit containing over 180 pages of testimony from a prior trial in which Norman had been a party and one of the doctors had been called to testify. Norman's attorney appeared at the hearing on the motion for summary judgment, which the trial court granted. After this ruling, no unresolved issues remained between Norman and any of the defendants.

■ A party will not be barred from review by writ of error unless he appeared and participated at the trial. *Stubbs v. Stubbs*, 654 S.W.2d 838 (Tex.App.—Dallas 1983, no writ). If a party has participated, however, the provisions of article 2249a are mandatory and jurisdictional. *Nutter v. Phares*, 523 S.W.2d 292 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

■ We hold that Norman participated in the proceedings to such an extent that he is barred from review by writ of error. A party need not actually be present in court at a final plenary trial if he participated in earlier proceedings at which his rights were determined. Article 2249a is intended to deny review by writ of error to a party who participates in a hearing that leads to a final judgment against him and, therefore, may reasonably be required to use the speedier method of appeal. *Lawyers' Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941). Accordingly, a party who participated in a summary judgment proceeding by filing an opposing affidavit and directing interrogatories to the movant was not entitled to review by

**140**

writ of error although she did not appear at the hearing on the motion, since all participation necessary to oppose the motion had to be concluded before the date of the hearing. *Thacker v. Thacker,* 496 S.W.2d 201, 204 (Tex.Civ.App.—Amarillo 1973, writ dism'd); *accord Burton v. Home Indemnity Co.,* 531 S.W.2d 665 (Tex.Civ. App.—El Paso 1975, writ ref'd n.r.e.). Likewise, writ of error was held not available to a party whose counsel participated in a hearing on a motion for summary judgment, although he did not appear at a subsequent hearing before a draft of judgment was signed. The court observed that counsel should not be permitted to gain the right to review by writ of error by failing to appear at a hearing after the rights of the parties had already been determined. *Brandt v. Village Homes, Inc.,* 466 S.W.2d 812, 814–15 (Tex.Civ.App.—Fort Worth 1971, no writ).

Here the hearing at which Norman's rights were determined against the Cowboys was the hearing on the motion for sanctions in which his counsel appeared and participated. As a result of this proceeding, Norman's pleadings were struck. The court then heard and granted summary judgment to the doctors. Norman's non-participation in subsequent proceedings is immaterial. Nothing was left for the trial court to do with respect to his claims but to render judgment against him. *Handelman v. Handelman,* 608 S.W.2d 298 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Consequently, he participated in the actual trial insofar as his claims against the defendants are concerned and is disqualified from seeking review of these claims by writ of error.

Since the appeal and writ of error must be dismissed, appellees' motions to extend time for filing briefs are moot.

Appellees' motions to dismiss the appeal and writ of error are granted.