## AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Appellant,

### v.

## The STATE of Texas, Appellee.

### No. 05–88–00250–CV.

Court of Appeals of Texas, Dallas.

Feb. 2, 1989.

Thomas J. Moroney, Jr., Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

BAKER, Justice.

American Bankers Insurance Company of Florida seeks to set aside a judgment by way of writ of error under Rule 45 of the Texas Rules of Appellate Procedure. We overrule American's sole point of error and dismiss the application for writ of error for want of jurisdiction.

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982).

In its sole point of error, American asserts that the trial court erred in rendering default judgment because the record did not show that jurisdiction of the person had been obtained over it in the manner re-

quired by law. For the reasons stated below, we do not reach this contention.

■ The record reflects that the original judgment nisi was entered in May of 1987, an appearance was entered in the cause by American, and a judgment of $2,500.00 was made final by the court in October 1987. American's motion for new trial was denied. American then filed a petition for bill of review to set aside the final judgment nisi. This bill of review was granted. The trial court's judgment recites that American appeared in the bill of review hearing, that it offered evidence in furtherance of the bill of review, that the court ruled the bill of review meritorious and reformed the prior judgment, reducing the amount of recovery from $2,500.00 to $1,250.00.

■ One of the criteria necessary for review by writ of error is that the party bringing the same did not participate in the trial. Actual trial is defined as the hearing in open court, leading up to the rendition of judgment, on the questions of law and fact. *See Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). We hold that the filing of the bill of review, the appearance at the hearing, and the presentation of evidence constitute participation in the trial leading up to the rendition of the judgment American seeks to set aside.

We DISMISS American's petition for writ of error for want of jurisdiction.