Olga FLORES, et al., Appellant,

v.

H.E. BUTT GROCERY CO., Appellee.

No. 13–89–379–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1990.

David McQuade Leibowitz, San Antonio, for appellant.

Ferriel C. Hamby, Jr., Roger W. Hughes, Harlingen, for appellee.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

NYE, Chief Justice.

By writ of error, petitioners Olga and Alfonso Flores appeal the trial court's dismissal with prejudice of their cause of action against H.E. Butt Grocery Company (H.E.B.). Petitioners assert in two points of error that the trial court's dismissal allegedly without notice or hearing consti-tuted an abuse of discretion and that it violated petitioners' due process rights. We affirm the trial court's judgment.

On July 24, 1987, petitioners sued H.E.B. for injuries sustained when Olga Flores, while shopping in a McAllen H.E.B. store, slipped upon an unknown substance and fell. H.E.B. timely filed its answer and on November 23, 1987, began discovery by serving petitioners with Interrogatories and Requests for Production. H.E.B. spec-ified that petitioners had thirty days to comply with discovery. Petitioners failed to respond or answer.

Seven months after the discovery dead-line, on July 29, 1988, H.E.B. filed a motion to compel petitioners' answers to Interrog-atories and responses to Requests for Pro-duction. The motion asked that the court compel discovery or sanction petitioners for their failure to timely respond to discovery requests. On September 7, 1988, at a dock-et control conference, counsel for both par-ties agreed to hold a pretrial conference on October 24, 1988. Petitioners subsequently failed to appear for the pretrial conference. At the conference, the trial court con-sidered and sustained H.E.B.'s special ex-ceptions to petitioners' original petition, or-dering petitioners to amend their petition to meet H.E.B.'s sustained objections by the close of business on November 15, 1988. The court also granted H.E.B.'s motion to compel and ordered petitioners to provide complete answers, responses and doc-uments to H.E.B.'s discovery requests no later than close of business on the same date. Finally, the court specifically or-dered that if petitioners failed to complete-ly answer the Interrogatories and produce the requested documents by the specified date, it would result in an automatic dismis-sal of their claims with prejudice. Petition-ers neither amended their petition nor com-plied with the discovery deadline and made no objections or motions of any kind in response to the court's order.

On November 29, 1988, H.E.B. filed a motion alleging that petitioners failed to comply with the court-ordered deadline and asked for a dismissal of petitioners' suit. No hearing date was set and the motion

was not heard. Later, on January 6, 1989, H.E.B. filed a proposed Order of Dismissal which it believed conformed with the trial court's docket sheet entries and pretrial orders. H.E.B. requested that, should the court approve, the order be signed and entered. The trial court signed the dismissal order on January 27, 1989.

On January 31, 1989, petitioners moved for reinstatement of their case and for a new trial. The trial court overruled the motions by operation of law. Petitioners attempted to submit their answers to H.E.B.'s Interrogatories and Requests for Production on February 24, 1989, three months after discovery was due. They subsequently filed this writ of error.

■■■ Appeal by writ of error is a statutorily authorized, direct attack on a default or other final judgment which is more limited in scope than an ordinary appeal. *DSC Finance Corp. v. Moffitt*, 34 Tex.Sup.Ct.J. 69 (Oct. 24, 1990). Review on appeal by writ of error is restricted because it is available for the limited purpose of providing a party which did not participate at trial with the opportunity to rid itself of an essentially unfair or incorrect judgment. *Moffitt*, 34 Tex.Sup.Ct.J. at 69–70. Writ of error is not available to give a party who suffers a default or final judgment at its own hands another opportunity to have the merits of its case reviewed. To permit the appellant in an appeal by writ of error to raise for the first time on appeal issues which the appellant in the normal appeal cannot raise would be rewarding the defendant for not appearing and participating, for whatever reason, in the trial proceedings. *Tankard–Smith, Inc. Gen. Contractors v. Thursby*, 663 S.W.2d 473, 477 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *accord Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097–98 (1941).

■■■ To appeal by writ of error, the petitioner must (a) file the writ within six months after the final judgment is signed, (b) be a party to the lawsuit, (c) not have participated in the actual trial of the case in the trial court, and (d) show error apparent from the face of the record. *Stubbs v.*

*Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390, 392 (Tex. 1982); *Barrera v. Barrera*, 668 S.W.2d 445, 447 (Tex.App.—Corpus Christi 1984, no writ); Tex.R.App.P. 45.

In the instant case, petitioners filed a writ of error and were parties to the lawsuit. Thus, the threshold issues before us are whether petitioners, by filing an original petition and appearing for a docket control conference, "participated" at the actual trial of the case within the meaning of Tex.R.App.P. 45 and whether there was error apparent from the face of the record.

■■■ The term "actual trial," as ordinarily understood by the legal profession, is the hearing in open court leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. *Stubbs*, 685 S.W.2d at 644–45; *Lawyers Lloyds*, 152 S.W.2d at 1097. In *Stubbs* as in *Lawyers Lloyds* the Texas Supreme Court recognized that Tex.R. App.P. 45 should be liberally construed to favor the right to appeal. The court also recognized that the extent of participation in the actual trial of the case disqualifying a party under Rule 45 is a matter of degree. Several courts of appeals have recognized that a large degree of participation is required before a party is denied appeal by writ of error. *Tramco Enter., Inc. v. Independent American Sav. Ass'n*, 739 S.W.2d 944, 946 (Tex.App.—Fort Worth 1987, no writ).

In discussing this issue, the courts of appeals agree that the "trial" need not be an actual trial on the merits; rather, the appellant "participated at the actual trial" if he took some part, personally or through counsel, in that decision-making event producing the final judgment adjudicating his rights. For example, in *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex.App.—Dallas 1983, no writ), the plaintiff took part in all necessary steps of the summary judgment proceedings affecting his rights, but did not appear at the actual hearing on the summary judgment

motion or the final judgment in the case, which involved multiple plaintiffs and defendants. The court of appeals held that because a summary judgment hearing is decided on the pleadings and responses filed pursuant to that motion, plaintiff's actual physical appearance at the summary judgment hearing was unnecessary; however, his involvement in the summary judgment proceedings affecting his rights constituted participation for writ of error purposes. Similarly, in *Thacker v. Thacker*, 496 S.W.2d 201, 204 (Tex.Civ.App.—Amarillo 1973, writ dism'd), the party and his counsel took part in all prerequisite preparatory steps for a summary judgment hearing, but did not appear at the hearing granting the summary judgment. The court of appeals noted that the party could but did not move for continuance prior to the hearing and that summary judgments are decided on the motions and evidence on file, rather than from oral testimony. The court held that such preparation for the hearing constituted participation, and the party's failure to appear at the summary judgment hearing was unnecessary.

In *Lewis v. Beaver*, 588 S.W.2d 685, 687 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), a party's attorney of record took part in a confession of judgment involving his client. Subsequently, the client was held to have participated for writ of error purposes. In *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex.Civ.App.—Houston [14th Dist] 1978, no writ), the court of appeals held that defendant's waiving citation to his wife's divorce petition, expressly waiving the making of a record of testimony and signing the final judgment prior to its entry by the trial court constituted participation.

In contrast, merely filing an answer or a motion for new trial or failing to take part in the final hearing affecting one's rights is not "participation." *Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340, 343 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Lawyers Lloyds*, 152 S.W.2d at 1097. For example, in *Stubbs*, 685 S.W.2d at 645, the defendant in a divorce case waived citation and signed the divorce agreement. The Texas Supreme Court held that these two acts were not sufficient acts of participation to preclude the defendant from writ of error review. The *Stubbs* court distinguished its case from that in *Blankinship, supra*, pointing out that Mr. Blankinship expressly waived both service of citation and the making of a statement of facts in addition to signing the judgment prior to its entry by the trial court. Mr. Blankinship's activities in the adjudication of his rights were more extensive than those of Mrs. Stubbs in her divorce; as a matter of degree, Blankinship's activities constituted "participation," whereas Mrs. Stubb's activities did not.

Several other "non-participation" cases are of particular note. An appellant's nonappearance at the hearing and rendition of final judgment affecting the conservatorship of her minor child constituted nonparticipation. *In Interest of Van Hersch*, 662 S.W.2d 141, 144–45 (Tex.App.—Amarillo 1983, no writ). The court of appeals reasoned that appellant's failure to appear at that final hearing prevented her from having sufficient familiarity with the events transpiring therein, preventing a properly prepared regular appeal; thus, she had not "participated" for writ of error purposes. In *Adams v. Isbell*, 615 S.W.2d 254, 256 (Tex.App.—Dallas 1981, no writ), the plaintiff appeared in court on the day of trial with his counsel and was granted a nonsuit as to his claims. At the same time, the court warned the plaintiff that it would also try the defendant's counterclaim that day, but the plaintiff and his counsel left the court and did not make any appearances prior to final judgment. The court tried defendant's counterclaim and granted the relief requested. The court of appeals held that the plaintiff would be denied appeal by writ of error only if he appeared, either in person or by counsel, in the actual trial of the case. Because plaintiff and his counsel were not present during the trial and final judgment, he had not "participated" for writ of error purposes.

In another non-appearance case, a major beneficiary was present in court during a proceeding contesting the will. *Specia v. Specia*, 292 S.W.2d 818, 819 (Tex.App.—

San Antonio 1956, writ ref'd n.r.e.). The will was not admitted to probate. Because the executors did not perfect an appeal, the beneficiary appealed by writ of error. The court of appeals held that mere knowledge of the proceedings and sitting in the courtroom without pleading or intervening was not "participation." In another will contest proceeding, the executrix's counsel stated to the trial judge during an off-the-record conversation held in chambers that he also represented all five of the major beneficiaries and that they were present and prepared to proceed. *Collins v. Collins,* 464 S.W.2d 910, 912 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). The judgment denied admission to probate and three of the beneficiaries appealed. The court of appeals held that the beneficiaries did not "participate" because counsel's statement of representation was made in-chambers and therefore, under the rules of civil procedure, were not part of the court record.

■ In the instant case, petitioners filed their original petition and appeared at a mandatory docket control conference in which the parties scheduled a pre-trial conference for October 24, 1988, and jury trial for October 2, 1989.[1] Petitioners failed to appear at that scheduled pre-trial hearing at which the court subsequently ordered them to comply with H.E.B.'s discovery requests or face automatic dismissal with prejudice. Petitioners did not move for continuance of the pre-trial hearing and neither objected nor responded to the court's orders until after final dismissal. Considering the totality of the circumstances, we hold that petitioners did not "participate at the actual trial" within the meaning of Tex.R.App.P. 45.

■ The final issue is whether error appears on the face of the record. The phrase "apparent from the face of the record" is defined by the Texas Supreme Court as an error "upon which the very right of the case depends, or such an error as being readily seen lies at the base and foundation of the proceeding, and necessar-

ily affects the judgment." *Moffitt,* 34 Tex. Sup.Ct.J. at 69; *Oar v. Davis,* 105 Tex. 479, 151 S.W. 794, 796 (1912). The record available for review on appeal by writ of error consists of the judgment and those papers filed in the appellate transcript, but does not include any written or oral evidence. *Moffitt,* 34 Tex.Sup.Ct.J. at 69; *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509, 512–13 (Tex.Civ.App.—Dallas 1977, no writ). To test the validity of the judgment, the appellate court may review the face of the record but may not disturb the trial court's evidentiary findings on the merits of the case.

In the present case, petitioners assert that the trial court abused its discretion and deprived petitioners of their due process rights by dismissing, allegedly without notice or hearing, their cause of action. Specifically, petitioners assert that they were denied a second hearing, which they allege is required by Tex.R.Civ.P. 215(2)(b)(5), at which they could oppose the automatic dismissal after they disobeyed the court's order. Lastly, petitioners imply that because they ultimately produced the compelled discovery following dismissal of their suit, the court further erred by not reinstating the suit or granting a new trial.

■ The pertinent portions of Rule 215 provide:

2. **Failure to Comply with Order or with Discovery Request.**
*b. Sanctions by Court in Which Action is Pending.* If a party ... fails to comply with proper discovery requests or to obey an order to provide or permit discovery, including an order made under paragraph 1 of this rule or Rule 167a, the court in which the action is pending may, *after notice and hearing,* make such orders in regard to the failure as are just, and among others the following: (5) *An order striking out pleadings or parts thereof, ... or dismissing with* or without *prejudice the action or proceedings or any part thereof, ... against the disobedient party.*

1. The Hidalgo County, Texas Civil Court Rules § 4.1(d) state that attorneys for all parties *shall* be present at the docket control conferences.

Discovery sanctions are imposed to (1) secure the parties' compliance with the rules of discovery, (2) deter other litigants from violating the discovery rules, and (3) punish parties that violate the rules of discovery. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986).

In the present case, our review of the record indicates that petitioners agreed to the pretrial hearing date at the docket control meeting and received proper notice that the trial court would hear H.E.B.'s arguments favoring its motion to compel discovery and that the motion to compel requested that petitioners be sanctioned for their failure to participate in discovery. The record does not show that petitioners ever moved for a rescheduling or a continuance of the pretrial hearing. Despite notice that failure to produce the discovery information would result in dismissal, petitioners neither objected to the imposition of the automatic sanction nor moved for extension of time to comply with the order compelling discovery.

In their motion for reinstatement and for new trial, petitioners merely asserted that they had good cause to delay filing their discovery responses; however, they did not disclose any specific reasons for this failure. Petitioners attached to this motion a letter, dated January 20, 1989, from the District Clerk allegedly informing petitioners that the hearing for the motion to dismiss was set for February 27, 1989.

Petitioners could not escape sanctions by ultimately producing the discovery after the case was dismissed.[2] Eventual compliance with discovery requests does not preclude the imposition of sanctions. *Assicurazioni Generali, S.p.A. v. Milsap*, 760 S.W.2d 314, 316 (Tex.App.—Texarkana 1988, writ denied) (appellant's failure, despite receipt and notice, to timely respond to various discovery requests without acceptable explanation supported trial court's sanction and striking of pleadings); *Drozd Corp. v. Capitol Glass & Mirror Co.*, 741 S.W.2d 221, 223 (Tex.App.—Austin 1987, no writ) (trial court acted within its discretion to strike appellant's pleadings for failure to timely answer interrogatories.)

Furthermore, our examination of the letter which petitioners attached to their motion to reinstate indicates that petitioners are mistaken in their allegations of its content. Actually, the letter notified both parties that a hearing on H.E.B.'s *motion to compel* interrogatories and requests for production, a hearing held on October 24, 1988, and was, for some unknown reason, mistakenly set again for a February hearing. The letter is clear and unequivocal and does not advance petitioners' position that they believed that a hearing on the motion to dismiss was set for February. We also note that H.E.B.'s filing of a motion to dismiss and for sanctions was unnecessary as the court's previous order on H.E.B.'s motion to compel and pretrial order imposed the automatic sanction upon petitioner's failure to meet the discovery deadline. Thus, H.E.B.'s subsequent submission of the proposed order of dismissal was proper. The trial court did not err by signing the order without first holding a hearing on the matter as allowed by Hidalgo County, Texas Civil Court Rule 4.5.[3]

Tex.R.Civ.P. 215(2)(b)(5) clearly requires that sanctions be imposed only after notice and hearing. Petitioners had notice of H.E.B.'s hearing at which evidence of petitioners' failure to cooperate with discovery was presented. From such evidence, the court ordered automatic dismis-

---

2. Finally, almost 30 days after dismissal, over 90 days from the discovery deadline and 14 months after discovery responses were due, petitioners "willingly" produced the discovery information.

3. Rule 4, § 4.5(a) states:
   Preliminary matters which require a ruling by the Court may be disposed of either (1) by hearing before the Court, or (2) upon such written authorities as counsel may forward to the Court, following which the Court may rule in Chambers without any hearing as provided by this rule. Any party is entitled to a hearing so long as the same is requested prior to the time that the court enters its ruling.
   In this case, H.E.B. requested a dismissal hearing although it never received a hearing date. H.E.B. essentially waived its request upon tendering its proposed order of dismissal, which the court accepted and signed.

sal should petitioners fail to comply with the discovery order deadline. We hold that the pretrial conference hearing protected petitioners' due process rights. Another "final" hearing to impose sanctions which automatically went into effect upon petitioners' failure to meet the discovery deadline is redundant and unnecessary. We find no error on the face of the record. All of petitioner's points of error are overruled.

The judgment of the trial court is AFFIRMED.