In re ESTATE OF Otto A. HILLJE, Deceased.

No. 04–91–00553–CV.

Court of Appeals of Texas, San Antonio.

April 29, 1992.

Grady L. Roberts, Jr., Law Office of Grady L. Roberts, Jr., Pearsall, for appellant.

Robert J. Myers, Willis, Hickey, Hougham & Myers, San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and BISSETT, JJ.

BISSETT, Justice.[1]

This is an appeal by William Scott Stephens by writ of error from a judgment which dismissed with prejudice his will contest. We dismiss the appeal on jurisdictional grounds and impose sanctions for a frivolous appeal.

Margaret Hillje Strickhausen brought a contest to the probate of the will of Otto A. Hillje, Deceased, in the County Court of La Salle County, Texas. After its removal to the District Court of La Salle County, Texas, William Scott Stephens intervened. After a number of hearings and proceedings in the district court, the trial court rendered a judgment on February 1, 1991, dismissing Strickhausen's and Stephens' will contest with prejudice for failure to diligently prosecute their suit; for their failure to bring all proper parties before the court prior to the applicable statute of limitations; for their failure to bring all proper parties before the court in a timely manner in violation of the equitable Doctrine of Laches; for their failure to comply with proper discovery requests; and for their failure to comply with orders of the court. Both Strickhausen and Stephens filed motions for new trial on the 28th day of February, 1991, which were overruled by operation of law on the 18th day of April, 1991, no hearing ever having been requested by either of the contestants. The time for perfecting a regular appeal to this Court was the 3rd day of May, 1991. No party to the judgment of the court below attempted to perfect a regular appeal to this Court. On the 29th day of July 1991, Stephens filed an Application for Writ of Error pursuant to Rule 45, Texas Rules of Appellate Procedure, in the district court. No other party has attempted, in any fashion, to question the validity of the judgment in the trial court below, and no other party, including Strickhausen, has perfected, or attempted to perfect, any appeal from the judgment.

The judgment is proper and valid on its face. It recites that *all parties* and counsel of record were properly notified of the date, time and place of hearing *and personally appeared.* Further, the judgment recites that the court, having considered the entire record, *and having received evidence,* dismissed the will contest with prejudice. After dismissing the then-pending

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

will contest, the court considered the application to probate the will of Otto A. Hillje. The will, properly self-proven, was admitted to probate, and the letters testamentary were issued to Gary Hillje, who was named Independent Executor of the Estate of Otto A. Hillje, Deceased, in the will.

■ William Scott Stephens ("petitioner") has not filed a complete transcript in this appeal, nor has he filed a statement of facts. The record consists of a partial transcript and nothing else. Since the judgment recites that the court "received evidence," we would presume that the evidence introduced at the trial was sufficient to sustain the judgment, were we to consider petitioner's sole point of error contending the judgment was void because it dismissed the will contest "with prejudice." *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793 (Tex.1987). However, we dismiss the appeal on jurisdictional grounds.

TEX.R.APP.P. 45 provides in relevant part: A party may appeal a final judgment to the court of appeals by petition for writ of error by complying with the requirements set forth below:

\* \* \* \* \* \*

(b) No Participating Party at Trial. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error.

(c) Requisites of Petition. The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it and shall state that the appellant desires to remove the same to the court of appeals for revision and correction.

■ Petitioner has failed to satisfy the elements required by Rule 45 to perfect a proper writ of error. Specifically, according to the partial transcript, he and his attorney of record participated in several phases in the proceedings in the court below, including but not limited to, the *dispositive* hearing which resulted in the

court's dismissal of his contest. This is apparent on the face of the judgment, and is supported by the affidavit of the attorney for the proponent which is appended to the Response to the Petition for Writ of Error. The Petition for Writ of Error fails to allege that petitioner did not participate at the trial. No portion of the record demonstrates that petitioner did not participate in any phase or aspect of the trial. This makes the petition fatally defective, and is jurisdictional, and may not be waived.

■ Further, the Petition for Writ of Error is fatally defective in that petitioner failed to name Gary Hillje, Independent Executor of the Estate of Otto A. Hillje, as a party adversely affected, or the names and residences of any other parties who may be adversely interested. This is also a fundamental error, which defeats the jurisdiction of this Court to entertain the Petition. TEX.R.APP.P. 45(c); *Hackfeld v. Ryburn*, 606 S.W.2d 340, 343 (Tex.Civ.App.— Tyler 1980, writ dism'd). The judgment shows on its face that Gary Hillje, as Independent Executor of the Estate of Otto A. Hillje, is a person adversely affected.

■ Participation by petitioner in a dispositive hearing (such as a hearing on a motion to dismiss) is "participation at trial" within the purview of Rule 45(a). *Francis v. Denenberg*, 742 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex.App.— Dallas 1983, no writ); *Nutter v. Phares*, 523 S.W.2d 292, 294 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). A party need not actually be present in court at a final plenary hearing if he participated in earlier proceedings at which his rights were determined. Rule 45 is intended to deny review by writ of error to a party who participates in a hearing that leads to a final judgment against him, and therefore may reasonably be required to use the speedier method of appeal. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941); *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d at 139, 140.

Petitioner clearly participated at the proceeding which led to the court's granting of the motion to dismiss the will contest that was filed by the proponents of the will. Petitioner participated both personally and through his attorney at all of the several prior hearings which led up to the court's granting the motion to dismiss the will contest. It is petitioner's burden to prove that he was not present at any of such hearings by bringing forth an adequate record to support same. Since he has not done so, this Court must presume that the evidence was sufficient to support the trial court's finding in the judgment that "all parties and counsel of record were properly notified of the date, time and place of hearing and personally appeared." As petitioner has not brought forth a sufficient record to demonstrate that this, in fact, is not the case, this Court must take that finding as true, thus precluding us from entertaining petitioner's Application for Writ of Error. Consequently, appeal by writ of error is not an available remedy.

The Estate of Otto A. Hillje, by and through Gary Hillje, its Independent Executor, has filed a cross point asserting that "Petitioner is guilty of a violation of Rule 84, Texas Rules of Appellate Procedure, in that this proceeding (called an 'appeal') is groundless and frivolous, and is sought only for delay." We agree.

Petitioner first had his case dismissed due to his dilatory tactics in the trial court, his abuse of discovery process, and his failure to abide by the trial court's orders. He allowed a Motion for New Trial to be overruled by operation of law; and then, having allowed the requisite time for direct appeal to have passed without having taken advantage of his right to do so, he filed his petition for writ of error on almost the last day [2] for filing. Moreover, petitioner actually participated in all aspects of the proceedings in the court below which led to a rendition of the judgment about which he complains. He has shown no error on the face of the judgment. The court was well within its discretion to dismiss the contest with prejudice, if for no other reason, under the provision of Tex.R.Civ.P. 215, and particularly under subdivision 2 b(5) thereof.

Furthermore, petitioner failed to name all adverse parties and their residences in his petition, and failed to bring forth a sufficient record to support the alleged "error" in the trial court about which he complains. He has made little, if any, effort to present this matter to this Court for informed decision, much less in a fashion which supports reversal. The only reasonable inference to be drawn from petitioner's actions, given all of the foregoing, is that these latest tactics are as dilatory as every other tactic which he has employed throughout the course of this litigation. The filing of this appeal by writ of error is solely for the purpose of delay and to occasion further cost to the Estate, thereby probably causing the property belonging to the Estate to be substantially deleted by virtue of additional attorney's fees and costs incurred by the executor in defending the frivolous will contest in the court below, and now in this Court. This should not be tolerated. It is apparent, from the totality of the circumstances described herein that petitioner's sole purpose in engaging in this exercise before this Court of Appeals is for the purpose of delay. Petitioner is liable to the Executor (Respondent) for the sanctions provided by Tex.R.App.P. 84. We hereby award Gary Hillje, Independent Executor of the Estate of Otto A. Hillje, Deceased, an amount equal to five times the total taxable costs in this cause, as damages against petitioner as a sanction for taking this appeal for delay and without sufficient cause.

Being without jurisdiction, we do not reach petitioner's point of error.

The appeal is dismissed.

---

2. The judgment was signed on February 1, 1991, and the Petition for Writ of Error was filed on

July 29, 1991, at 3:10 p.m.