IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-572-CV





SUE ELLEN GATTIS WILLIAMS,



 APPELLANT


vs.





DOUGLAS SPENCER GATTIS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY,



NO. 89-048-F3, HONORABLE ROBERT F.B. MORSE, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from a default judgment by petition for writ of error. In a single point
of error, appellant alleges the trial court's judgment is void for lack of personal jurisdiction over
her because the sheriff's return does not reflect that the citation was on file for the ten days
required by Texas Rule of Civil Procedure 107. We will reverse the trial court's judgment, grant
the petitition for writ of error, and remand the cause to the trial court.



PROCEDURAL BACKGROUND



 Appellee did not file a brief. (1) Therefore, we may accept as correct the statements in
appellant's brief regarding the facts and the record. Tex. R. App. P. Ann. 74(f) (Pamph. 1992). 
The record reflects that appellant was personally served with citation on March 29, 1991. The
officer's return was filed with the clerk of the trial court on April 22, 1991. A default-judgment
hearing was held April 25, 1991, and the trial court signed its judgment the same day. The record
reflects that appellant filed a motion for new trial on May 21, 1991. A first and a second
amended motion for new trial were filed on June 11 and 12, respectively, but were not timely
because they were not filed within thirty days after the judgment was signed. Tex. R. Civ. P.
Ann. 329b(b) (Supp. 1992). The original motion for new trial was overruled by operation of law
on July 9, 1991. Tex. R. Civ. P. Ann. 329b(c) (Supp. 1992). On August 28, 1991, the trial court
signed an order granting a new trial. Because the trial court did not sign the order within thirty
days after the motion for new trial was overruled by operation of law, the order granting the new
trial is void. Tex. R. Civ. P. Ann. 329b(e) (Supp. 1992). Appellant filed her petition for writ
of error on October 24, 1991. 


DISCUSSION



 A direct attack on a judgment by writ of error must: (1) be brought within six months
after the final judgment is signed (2) by a party to the suit (3) who did not participate in the actual
trial of the case (2) (4) and the error complained of must be apparent from the face of the record. 
General Elec. v. Falcon Ridge Apts., 811 S.W.2d 942, 943 (Tex. 1991). We are concerned only
with error apparent from the face of the record. 

 When a default judgment is attacked directly by petition for writ of error, the rules
regarding the issuance, service, and return of citation are mandatory, and a failure to show
affirmatively a strict compliance with those rules will render invalid any attempted service of
citation. E.g., Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.
1985). Rule 107 provides, in pertinent part: "No default judgment shall be granted in any cause
until the citation . . . shall have been on file with the clerk of the court ten days, exclusive of the
day of filing and the day of judgment." Tex. R. Civ. P. Ann. 107 (Supp. 1992); see also Tex.
R. Civ. P. Ann. 239 (Supp. 1992). The record reflects that the default judgment was signed three
days after the sheriff's return was filed with the clerk of the trial court. The trial court, therefore,
prematurely rendered default judgment.


CONCLUSION



 We sustain appellant's point of error, grant the petition for writ of error, reverse the
trial court's default judgment, and remand the cause to the trial court for trial.


[Before Justices Powers, Jones and Kidd; Justice Powers Not Participating]

Reversed and Remanded

Filed: June 17, 1992

[Do Not Publish]
1.   Appellee has filed a "Consent to Writ of Error" in which he states he finds "no legally
sufficient ground to oppose the writ of error, and declines to defend this appeal."
2.   Neither appellant nor her attorney participated in the default-judgment hearing. Appellant
did not file her answer before the rendition of the default judgment. The fact that appellant filed
a motion for new trial on which a hearing was held does not foreclose her right to appeal by
petition for writ of error. Lawyers Lloyds v. Webb, 152 S.W.2d 1096, 1097-98 (Tex. 1941).