**CLASSIC PROMOTIONS, INC., Paul Hulse, Frances Hulse, and Marie F. Hulse, Appellants,**

v.

**Paul SHAFER, Appellee.**

**No. C14–92–00510–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1993.

Michael Prior, Houston, for appellants.

Larry D. Harvery, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

Appellants, Classic Promotion, Inc., Paul Hulse, Frances Hulse, and Marie F. Hulse, bring this appeal by petition for writ of error from a judgment in favor of appellee, Paul Shafer, on his claim of breach of contract. Appellants bring five points of error. We dismiss the appeal on jurisdictional grounds.

A direct attack on a judgment by writ of error must: (1) be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) error must be apparent from the face of the record. *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943 (Tex.1991). Appellee contends appellants *did* participate at trial, and asks this court to dismiss this appeal for want of jurisdiction.

Rule 45(b) of the Rules of Appellate Procedure specifically provides that "no party who participates either *in person* or by his attorney in the actual trial of the case ... shall be entitled to review by the court of appeals through means of writ of error. TEX.R.APP.P. 45(b) (emphasis added). This provision is mandatory, jurisdictional, and cannot be waived. *Nutter v. Phares*, 523 S.W.2d 292, 293 (Tex.Civ. App.—Beaumont 1975, writ ref'd n.r.e.). The extent of participation in the "actual trial" that precludes an appeal by writ of error is a matter of degree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985).

We agree with appellee that the participation by appellants rose to a sufficient level to preclude appeal by writ of error. Although the record shows appellants did not participate at the hearing on damages, a party need not actually be present, in court, at a final plenary hearing if he participated in earlier proceedings at which his rights were determined. *In re Estate of Hillje*, 830 S.W.2d 689, 691 (Tex. App.—San Antonio 1992, no writ). Participation by a party in a dispositive hearing is "participation at trial" within the purview of Rule 45(b). *Id.; see also Francis v. Denenberg*, 742 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex.App.— Dallas 1983, no writ); *Nutter*, 523 S.W.2d at 294. If a party participates in a hearing that leads to a final judgment against him, Rule 45 denies review by writ of error, and therefore, the party may reasonably be required to use the "speedier" method of regular appeal. *See Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941); *In re Estate of Hillje*, 830 S.W.2d at 691; *Norman*, 665 S.W.2d at 140.

Appellants did participate up to and including the time that the trial court struck their pleadings. Appellants filed a *pro se* answer. Through counsel, appellants participated in several discovery matters including: entering into an agreement to extend time to respond to requests for production; filing a response to requests for production after notice of a request for sanctions for failure to respond to discovery; entering an agreement concerning

production after appellee filed a motion to compel requested documents; and appellants were noticed for deposition twice, with the first setting passed by agreement. The trial court then granted appellants' counsel's motion to withdraw. Subsequently, appellants failed to appear for the noticed depositions and appellee filed his original motion to strike appellants' pleadings for discovery abuse. Appellants responded to this motion with a *pro se* response filed on October 31, 1990.

■ Appellants were later notified that appellee's amended motion to strike their pleadings was set for hearing by submission. Appellants did not request an oral hearing and now argue that an oral hearing is mandatory under Rule 215 of the Texas Rules of Civil Procedure. Rule 215 states "the court in which the action is pending may, *after notice and hearing,* make such orders ... as are just...." TEX.R.CIV.P. 215(2)(b).

■ Not every hearing called for under every rule of civil procedure necessarily requires an oral hearing. *Gulf Coast Investment Corp. v. NASA 1 Business Center,* 754 S.W.2d 152, 153 (Tex.1988) (relying on the Rules of Judicial Administration). The court explained that courts, in a manner consistent with the safeguarding of the rights of litigants, may make use of telephone or mail in lieu of personal appearance by attorneys for motion hearings. *Id.* The court interpreted Rule 165a TEX. R.CIV.P. to require a hearing because it states the judge "shall set a hearing on the motion" and "shall notify all parties or their attorneys of record of the *date, time and place of hearing.*" *Id.* (emphasis in original). Unless required by the express language, or the context of the particular rule, the use of the word "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Id.* Rule 215(2)(b) does not by its express language or its context require a personal appearance before the court or an oral presentation to the court in connection with a motion for sanctions. *United Business Mach. v. Southwestern Bell,* 817 S.W.2d 120, 123 (Tex.App.—Houston [1st Dist.] 1991, no writ).

Therefore, appellants participated in the disposition of appellee's motion to strike their pleadings due to abuse of discovery. Appellants were served with both the original and amended motion to strike their pleadings, and were given notice of when the motion was set for hearing by submission. Appellants chose to file a *pro se* response and not to seek assistance of an attorney. The trial court considered appellee's motion and on June 26, 1991 signed the order striking appellants' pleadings.

By participating in the events that led to the granting of the motion for sanctions, appellants participated in trial and are precluded from bringing an appeal by writ of error. Appellants filed a response to the motion for sanctions and allowed the motion to be heard by submission. As a result, appellants' pleadings were struck, precluding the presentation of evidence by appellants at any subsequent hearings. All that remained for the trial court to do was to hear evidence of damages and enter a final order. The entry of the motion for sanctions was dispositive as to appellants and met the requirement of "participation at trial" as set out in Rule 45(b) of the Rules of Appellate Procedure. *See Hillje,* 830 S.W.2d at 691; *Francis,* 742 S.W.2d at 791; *Norman,* 665 S.W.2d at 139. Therefore, appellants participated in the actual trial and are barred from seeking appeal by petition for writ of error.

The circumstances surrounding this entire case raise serious questions about the availability of appellate review by writ of error. Appellants in the case before us chose to do no more than file a *pro se* response to the severe motion filed by appellee. Once the trial court struck appellants' pleadings, they again chose to lie low and ignore the consequences of their actions. Appellants refused to sign for certified mail containing notification of the date for the hearing on damages. They did not hire new counsel until they received notice that appellee's motion for final judgment was set for hearing by submission. Appellants' new counsel filed a motion for continuance just three days before the date set for the signing of the final judgment. The final judgment was signed on September

23, 1991. Appellants' motion for new trial was filed October 10, 1991. However, it was not until December 16, 1991 that they filed a notice seeking a hearing for their motion on January 24, 1992. The trial court denied their motion for new trial on December 17, 1991. Again, appellants waited, and did not file their petition for writ of error until March 20, 1992. By waiting so long, appellants could not pursue the regular avenue of appeal. Now claiming they did not participate at trial, appellants attempt to seek review by this court by means of writ of error. This is a clear abuse of the judicial process.

■ Appeal by writ of error was not intended to give a party who suffers a default judgment *at his own hands* another opportunity to have the merits of its case reviewed. The supreme court has said that the purpose of petition for writ of error is:

> to take away the right of appeal by writ of error from those who should reasonable use the more speedy method of appeal.... those who do not participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record.... one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court.

*Lawyers Lloyds*, 152 S.W.2d at 1098. Appellants bring five points of error before this court. Of the five, just one could possibly have required appellants to wait for a statement of facts, but this was so only because appellants were represented by new counsel unfamiliar with the circumstances of their case. This occurred because appellants chose not to hire counsel until the damage had been done.

Petition for writ of error was designed to protect a party that did not discover a judgment had been rendered against it until after the judgment had been rendered. *Lawyers Lloyds*, 152 S.W.2d at 1097–98. We do not believe the supreme court meant to protect those who deliberately choose *not to participate* in the judicial process.

Appellee's motion to dismiss is granted and appellants' petition for writ of error is dismissed for want of jurisdiction.