**Raymond NORIEGA and Cecilia Vasquez Noriega, Appellants,**

v.

**Victor M. CUEVES, Allied Van Lines, Eric Williamson and Gulf State Toyota, Appellees.**

No. B14–94–00155–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 1994.

Rehearing Denied June 2, 1994.

Donald Dewberry, Houston, for appellants.

Robert L. Ramey, James K. Gardner, Timothy B. Soefje, Houston, for appellees.

Before SEARS, LEE and JUNELL (Sitting by Assignment), JJ.

## OPINION ON SECOND MOTION FOR REHEARING

SEARS, Justice.

■ This appeal was originally dismissed on the basis that Appellants' writ of error was untimely filed. On motion for rehearing, this court withdrew that dismissal order but dismissed the appeal for want of jurisdiction on the basis that Appellants were not entitled to review by way of writ of error because they had participated in the trial court through the filing of a motion to reinstate. On second motion for rehearing, Appellants allege that the mere filing of a motion to reinstate does not preclude review by writ of error. Appellants cite the cases of *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941), *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948 (Tex.App.—Houston [14th Dist.] 1993, no writ) and *General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731 (Tex.App.—Houston [14th Dist] 1993, no writ) to support their position.

■ Appellants are correct that the mere filing of a petition or a motion for new trial is not sufficient to preclude review by writ of error. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–645 (Tex.1985) and *General Motors Acceptance Corp. v. City of Houston*, 857

S.W.2d 731 (Tex.App.—Houston [14th Dist] 1993, no writ). Participation normally encompasses a hearing in open court, which leads to the rendition of a judgment. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941), and *South Mill Mushrooms Sales v. Weenick*, 851 S.W.2d 346, 348 (Tex.App.—Dallas 1993, writ denied).

■ Writs of error are to be used by those parties untimely "surprised" by a judgment, or "unfamiliar with the record," who need additional time to have the statement of facts prepared or to familiarize themselves with the record. *Lawyers Lloyd* at 1098; *Classic* at 951. In this case, Appellants learned of the dismissal for want of prosecution within time to file a motion to reinstate, pursuant to TEX.R.CIV.P. 165a. Further, Appellants filed the motion to reinstate "within thirty days" after the order of dismissal was signed. Appellants then had ninety (90) days after the dismissal order was signed to perfect their appeal. See, *Butts v. Capitol City Nursing Home*, 705 S.W.2d 696 (Tex.1986). However, they chose not to do so. Appellants were neither unfamiliar with the record nor incapable of using the speedier method of appeal.

■ The writ of error was designed to protect a party that did not participate in the trial and did not discover that a judgment had been rendered against it until after the judgment was signed. *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948 (Tex.App.—Houston [14th Dist.] 1993, no writ). The writ of error provides that party with an opportunity to rid itself of an essentially unfair judgment. *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53 (Tex.App.—Corpus Christi 1990, no writ). The writ of error is not, however, an appropriate avenue for relief for a party who has suffered a judgment at its own hands. *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948 (Tex.App.—Houston [14th Dist.] 1993, no writ), and *Flores* at 55. Nor is it an appropriate avenue for "those who should reasonably use the more speedy method of appeal." *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941), and *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948 (Tex.App.—Houston

[14th Dist.] 1993, no writ). Appellants' lack of diligence does not entitle them to review by way of writ of error. The petition for writ of error is dismissed.

JUNELL, J., not participating.