**Consuelo MATA, Appellant,**

v.

**Isabel RUIZ, a Widow, et al, Appellees.**

**No. 04–82–00205–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 22, 1982.

Sharon Trigo, Laredo, for appellant.

Oscar J. Pena, Eustorgio Perez, Laredo, for appellees.

Before CADENA, C.J., and CLARK and BASKIN, JJ.

OPINION

PER CURIAM.

Consuelo Mata, one of three defendants below, seeks relief, by writ of error, from a default judgment rendered against her. We grant appellees' motion to dismiss the appeal.

This suit was filed by plaintiffs, Isabel Ruiz, Jose Antonio Ruiz, Maria Santos Ruiz Trevino and and Enrique Ruiz, against Javier Mata, Ricardo Mata and appellant. According to the judgment, when the case was called for trial, Ricardo Mata appeared in person and by attorney but Javier Mata and appellant "filed no answer herein and made default." The trial court, after hearing evidence, rendered judgment against all three defendants.

The record shows that appellant testified on behalf of defendant Ricardo Mata, during the trial.

Article 2249a, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982), provides that no party "who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error." This provision is mandatory, jurisdictional and cannot be waived. *Nutter v. Phares,* 523 S.W.2d 292 (Tex.Civ.App.— Beaumont 1975, writ ref'd n.r.e.).

In *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941), Chief Justice Alexander, holding that the filing of a motion for new trial did not constitute participation in the "actual trial of the case," said:

Ordinarily, the "trial" includes every step taken in the determination of the issues between the parties .... But by use of the term "actual trial" the legislature evidently intended to limit or restrict the meaning of the word "trial." The *actual trial* of the case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a final judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

In *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd), defendant sought, by writ of error, to set aside a summary judgment rendered against her. After defendant had filed her answer, plaintiff moved for summary judgment. After plaintiff had filed answers to written interrogatories filed by defendant, defendant filed her answer and affidavits in opposition to plaintiff's motion for summary judgment. The opinion makes it clear that defendant was not present at the "hearing" which resulted in the rendition of summary judgment in favor of plaintiff. In holding that review by writ of error was not available to defendant, the court said:

In brief, since all party and counsel participation necessary to ... present the summary judgment situation is required to be concluded prior to the day set for hearing the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel participation at the hearing granting the motion for summary judgment.

Under the undisputed factual circumstances presented, all prerequisite party and counsel participation preparatory to the hearing set on the motions for summary judgment was required to be taken, and had occurred, prior to the hearing day; no participation was required at the hearing ... at which summary judgment was rendered; appellant elected to absent herself from the hearing .... Therefore, appellant sufficiently participated as a party and as an attorney "in the actual trial of the case in the trial court" ..., so as to be denied appellate review through means of writ of error.

496 S.W.2d at 204–05.

In *Byrnes v. Blair,* 183 S.W.2d 287, 288 (Tex.Civ.App.—El Paso 1944, no writ), the court, relying on the statement in *Lawyers Lloyds, supra,* that "actual trial" refers to the hearing in open court which leads to the resolution of questions of law and facts and the rendition of judgment, held that a party, "by taking exception to the judgment in open court," had participated "in the hearing in open court on the questions of law involved leading up to" rendition of the judgment.

*Thacker* and *Byrnes* demonstrate that the supreme court's definition of participation "in the actual trial of the case," despite its apparent clarity, has not furnished a definitive guide. *Thacker* seems to hold that absence of participation in fact amounts to participation at least where the rules do not provide for participation, and it apparently refers to a strange sort of "hearing" in which neither party has a right to be heard. *Byrnes* rests on the esoteric theory that objecting to a judgment which has been rendered constitutes participation in "the

hearing in open court, leading up to the rendition of judgment ...."

 In the case before us, appellant, by testifying, indisputably participated in "the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts." We have before us entries in the trial court's docket relating to this case, and such record does not establish that the default judgment of which appellant complains was rendered prior to the time that appellant testified. The final judgment in this case, which is the only record of the trial court's action concerning appellees' cause of action against appellant, reflects that it was rendered after such hearing in which appellant participated.

The appeal is dismissed.