**In the Interest of Shawn Leonard Mark VAN HERSH, A Child.**

**No. 07–82–0043–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 30, 1983.

La Font, Tunnell, Formby, La Font & Hamilton, Larry McEachern, Plainview, for appellant.

White, Self, Davenport & Bass, Ed Self, Plainview, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Linda Van Hersh Provenz (Linda) petitions by writ of error for review of a judgment appointing Rick and Cynthia Van Hersh (Rick and Cynthia) the managing conservators, and Linda and her former husband Donn Van Hersh (Donn) the possessory conservators, of a minor child. Linda and Donn are the natural parents of the child and Rick and Cynthia are the paternal uncle and aunt of the child. Rick and Cyn-

thia have filed a motion to dismiss the petition, contending that two of the three requirements for a writ of error have not been satisfied. We grant the writ of error, overrule the motion to dismiss, and reverse and remand.

Rick and Cynthia brought suit seeking appointment as managing conservators of the child; and alternatively, requesting termination of the parent-child relationship between Linda and her child. Linda was personally cited, responded through counsel with an answer and various other pleadings and participated in several preliminary matters in the trial court. Donn entered an appearance in the case by cross-petition but Linda was never served with the cross-petition and made no response to it.

On June 10, 1981 the trial judge advised all attorneys of record that the case was set for trial on July 17, 1981, subject to criminal cases set for that week. On or about June 21, 1981, Linda took the child out of the jurisdiction of the court, contrary to the court's orders and, on June 22, 1981, her attorney informed the court that she had left Texas, never to return. Her counsel was, on that date, permitted to withdraw. On July 10, 1981, the court reset the case for trial on July 31, 1981. The district clerk then sent notices of the new trial setting to Linda by both regular and certified mail at every address known to the court.

On July 31, 1981, the case was heard on the merits, sans Linda, and the court appointed Rick and Cynthia managing conservators and Linda and Donn possessory conservators of the child. Later, the certified mailings of notice of hearing that were sent to Linda were returned to the district clerk unclaimed. The child was subsequently recovered in Webb County by writ of attachment.

■ All parties before this court agree that Linda must satisfy three requirements in order to pursue a writ of error from the trial court: (1) she must file her petition within six months after rendition of final judgment, Tex.Rev.Civ.Stat.Ann. art. 2255 (Vernon 1971); (2) she must demonstrate the invalidity of the judgment from the face of the record, *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710–11 (1961), and (3) she must not have participated in the actual trial of the case. Tex.Rev.Civ.Stat. Ann. art. 2249a (Vernon 1982). The petition was timely filed, thus satisfying the first requirement, and we must determine whether the other two requirements were met.

■ Linda contends error is apparent on the face of the record because (1) she did not receive notice of the July 31, 1981, trial date in the manner required by law, and because (2) Rick and Cynthia did not have standing to seek appointment as managing conservators of the child. Rick and Cynthia controvert the first contention by their motion to dismiss and the second by a reply brief. We will resolve the standing question and, because it is dispositive of the second requirement, we do not reach the notice question.

At the outset of the litigation, Linda filed a motion asking the trial court to dismiss Rick and Cynthia's petition for lack of standing under section 11.03, Tex.Fam.Code Ann. (Vernon 1974) (amended 1983), relying on this court's decision in *Pratt v. Department of Human Resources,* 614 S.W.2d 490 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). In *Pratt,* we concluded that only the persons listed in section 11.09, Tex.Fam. Code Ann. (Vernon Supp.1982), have "an interest in the child" under section 11.03 of the Code, and thus have standing on that basis to seek appointment as managing conservator. In reaching that conclusion, we stated:

> Section 11.09 identifies the persons to whom service of citation must be given when the petition is filed. We consider section 11.09 to be a legislative determination of the persons who have a relationship with the child of sufficient legal dignity to be entitled to participate in an action involving the child. Therefore, ... the persons listed in section 11.09 are the persons who have "an interest in the child" that gives them standing to bring a suit affecting the parent-child relation-

ship. The courts should not be open to "any person" who desires to change managing conservatorship. They should be and are by statute open to any person having an interest in the child, which we construe to mean an interest specifically recognized in the statutory scheme devised by the Legislature for these matters. [Footnote omitted.]

*Id.* at 495.

In suits seeking appointment or change of managing conservatorship, the persons with standing under section 11.09, Tex.Fam.Code Ann. (Vernon 1982), are (1) the managing conservator; (2) the possessory conservator; (3) persons having access to the child under court order; (4) persons required by law or court order to provide for support of the child; (5) guardians of the person or estate of the child; and (6) each parent whose parental rights have not been terminated or process waived under code section 15.03(c)(2).

When this case was tried, Rick and Cynthia, as the paternal uncle and aunt of the child, did not occupy any of the positions under section 11.09, Tex.Fam.Code Ann. (Vernon Supp.1982), that gave them standing, and they were not otherwise eligible under section 11.03 as it read at that time. Tex.Fam.Code Ann. § 11.03 (Vernon 1974) (amended 1983). Thus, the trial court should have dismissed the count in their petition seeking appointment as managing conservators.* Its failure to do so and its granting of the relief requested under that count is error apparent on the face of the record. Linda has, therefore, satisfied the second requirement for a writ of error.

The third requirement is that Linda must not have participated in the "actual trial of the case in the trial court." Tex.Rev.Civ. Stat.Ann. art. 2249a (Vernon Supp.1982). In *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941), the Supreme Court defined "actual trial" under article 2249a:

The *actual trial* of a case, as ordinarily understood by the legal profession, is the

hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the question of law, or on the questions of fact, if the final judgment is rendered on the facts.

This court of appeals recognized, in *Thacker v. Thacker,* 496 S.W.2d 201, 203 (Tex.Civ.App.—Amarillo 1973, writ dism'd), that the extent of participation in the actual trial that disqualifies a petitioner under article 2249a is one of degree. Filing an answer, *Petroleum Casualty Co. v. Garrison,* 174 S.W.2d 74, 75 (Tex.Civ.App.—Beaumont 1943, writ ref'd w.o.m.), or filing a motion for new trial, *Lawyers Lloyd of Texas v. Webb, supra,* 152 S.W.2d at 1098, is not participation. Confession of judgment by the attorney of record for the petitioner, *Lewis v. Beaver,* 588 S.W.2d 685, 686–87 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), or excepting to the judgment in open court, *Byrnes v. Blair,* 183 S.W.2d 287, 288 (Tex.Civ.App.—El Paso 1944, no writ), is participation.

In this case, Linda appeared, answered, sought various forms of relief and participated in preliminary hearings. She did not, however, participate in the trial on the merits that produced the judgment she now attacks. Thus, we conclude that she did not participate in the actual trial.

Rick and Cynthia correctly point out that the trial court took judicial notice of, and relied on, testimony from the preliminary hearings in reaching a decision on the merits. They contend that use of this evidence, from hearings in which Linda participated, makes her a participant in the actual trial. The rationale of *Lawyers Lloyds* is fatal to that argument, however. Explaining the reason for its definition of "actual trial," the court said:

Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so

* Because it is not necessary to reach the question, we express no opinion on the viability of their termination count, on which the trial court took no action.

participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. *Lawyers Lloyds, supra,* 152 S.W.2d at 1098.

■ In this case, Linda could not have been familiar with the events occurring at the trial on the merits. Thus, she has satisfied the third requirement of the writ of error procedure. We, therefore, grant the application for writ of error, overrule the motion to dismiss, and reverse the judgment of the trial court.

■ One additional matter must be resolved. In response to our decision in *Pratt v. Department of Human Resources, supra,* the 1983 Legislature amended section 11.03, Tex.Fam.Code Ann. (Vernon 1974). Accepting our premise that section 11.09 of the Code is the reference point for determining who has an interest in the child under section 11.03, the Legislature added the following sentence to section 11.03, effective September 1, 1983:

> A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in Section 11.09(a) of this code as being entitled to service by citation.

1983 Tex.Sess.Law Serv., ch. 424, § 3 at 2353 (Vernon).

Although we have held that Rick and Cynthia did not have standing to petition for appointment as managing conservators when their petition was filed and the cause was tried, we discern from the record before us that they may be able to establish standing under the quoted amendment. Therefore, having found error which requires a reversal of the judgment, we remand the cause in the interest of justice, *Morrow v. Shotwell,* 477 S.W.2d 538, 541–42 (Tex.1972), so that Rick and Cynthia may, if they desire, replead, if necessary, and show, if they can, standing to maintain their cause of action.

The judgment is reversed and the cause is remanded.