**In re: Estate of William D. WALLOCK, Deceased.**

**In re: Estate of Janice E. WALLOCK, Deceased.**

**Nos. 13–91–622–CV, 13–91–623–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1993.

John C. Gunter, Scott L. Sherman, Corpus Christi, Karl Stern, Houston for appellant.

William A. Whittle, Martin Davis, Marsha A. Grim, Corpus Christi, for appellee.

C.M. Henkel, III, James H. Robichaux, Wilson Calhoun, Corpus Christi, Edgar Garcia, San Antonio, for intervenors.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

First City, Texas—Corpus Christi and Collecting Bank, National Association (appellants) appeal by writ of error from the County Court at Law's order approving and classifying Encino–Cimarron General Partnership's authenticated claim.

The central issue presented in this appeal is whether the trial court properly approved and classified the claim against the estates of William and Janice Wallock. The trial court approved Encino–Cimarron's claim as a Class 7 claim. In order for such claims to be so classified, they must be filed within six months after the grant of letters testamentary or of administration. As such, they have priority over Class 8 claims, which are "all other claims legally exhibited after the lapse of six months from the original grant of letters testamentary or of administration." TEX. PROS.CODE ANN. § 322 (Vernon Supp.1992). Appellants are only interested to the extent that an improper classification injures their priority to participate in the estate proceedings ahead of the common creditors. We reverse and remand the cause.

Tim Clower, William D. Wallock, and Encino–Cimarron 62, Ltd.[1] formed a general partnership under the laws of Texas for the purpose of purchasing a tract of land and holding it as an investment. The partnership agreement outlines the financing arrangement as follows:

> The Partnership is executing a non-recourse note in the amount of $1,160,000 … and is pledging a portion of its property as collateral for that indebtedness. The proceeds from the Bank debt are being distributed to William Wallock 66.66% and to Encino–Cimarron 62, Ltd. 33.34% for the purpose of assisting those partners in acquiring their interest in the property … in order for that interest to be conveyed to the Partnership.

The Bank required that the property be held as security, as well as requiring each partner's signature as a maker on the note. The face of the note allots indebtedness as follows:

| | |
|---|---|
| Tim Clower | $ 464,000 |
| William D. Wallock | $1,160,000 |
| William Ferguson | $ 58,000 |
| Phillip Nimmo | $ 58,000 |
| Clifton Pennington | $ 58,000 |

Tim Clower made his capital contribution in cash. The general partnership then acquired 20 acres of real property in Nueces County.

William Wallock and his wife, Janice, died in 1987. Their wills were probated together. The County Court at Law issued letters testamentary and of administration on October 12, 1987. Loren Cheryl Wallock, Stuart Bryan Wallock, and Steven Craig Wallock qualified as joint independent executors of the estates. The estates were converted to dependent administration on September 27, 1989, when Stuart and Loren Wallock resigned as executors.

---

1. A Texas limited partnership comprised of William Ferguson, Phillip Nimmo, and Clifton Pennington.

Craig Wallock was left as the dependent administrator.

The estates continued to participate in the partnership as expressly provided by the general partnership agreement. *See* TEX.PROB.CODE ANN. § 238A (Vernon 1980).

In 1989, during the independent administration, Encino–Cimarron 62, Ltd. withdrew from the general partnership. Tim Clower and William Wallock's estate remained as general partners and apparently acquired the limited partnership's interest. (*see* footnote one, *supra*).

In November of 1989, after having obtained two extensions on its note, Encino–Cimarron filed for reorganization under Chapter 11 of the Bankruptcy Act.[2] The Bank of Corpus Christi filed a claim against the partnership in bankruptcy. The Bank also filed its authenticated secured claim against the Wallock estates as a preferred debt and lien claim against the mortgaged partnership property. *See* TEX. PROB.CODE ANN. § 306(a)(2) (Vernon 1980). The Bank made its claim within six months of the grant of letters of dependent administration. The dependent administrator allowed the claim, contingent upon the estate owning an interest in the property. The court approved the claim.

Thereafter, Encino–Cimarron conveyed 14.1 acres of the general partnership's mortgaged property to the Bank of Corpus Christi in satisfaction of the Bank debt. Then, claiming that William Wallock defaulted on the Bank note and urging subrogation, contribution, and indemnity, Encino Cimarron General Partnership amended the Bank's preferred debt and lien claim to an unsecured claim and requested classification as a Class 7 debt. The dependent administrator allowed the claim for $1,255,-152.13—$1,010,000 in principal and $245,-152.13 in interest. The trial court approved the claim in full as a Class 7 claim under § 322 of the Texas Probate Code.

In order to preserve priority, an unsecured creditor must file a claim within six months after the original grant of letters testamentary or of administration. TEX.PROB.CODE ANN. §§ 298(a), 322 (Vernon 1980 & Supp.1992). By a single point of error, appellants contend that the trial court erred in classifying Encino–Cimarron's claim as a Class 7 claim, arguing that Encino–Cimarron has a Class 8 unsecured claim as a matter of law. Appellants claim that error is apparent on the face of the record because Encino–Cimarron did not file its authenticated claim until more than thirty-nine months after the original grant of letters testamentary or of administration rather than within six months.

Section 322 of the Probate Code lists the priority of payment for claims against an estate. Funeral expenses, administrative expenses, mortgage and tax liens, taxes, and claims for reimbursement by various agencies of the State of Texas, respectively, are paid first. TEX.PROB.CODE ANN. § 322. Lastly, claims filed within six months after the original grant of letters testamentary or of administration (Class 7) will be paid before claims filed or exhibited after six months (Class 8).[3] TEX.PROBATE CODE ANN. § 322. Appellants complain of the classification of Encino–Cimarron's claim as a Class 7 secured creditor because the estates are insolvent, and Encino–Cimarron's claim will displace other creditors.

The first issue presented by this appeal is whether appellants can proceed by writ of error. In order to prevail upon a writ of error to the Court of Appeals, the appellant must show the following four things: (1) the writ was brought within six months after the judgment was signed (2) by a party to the suit (3) who did not participate in the actual trial and (4) the error complained of must be apparent from the face of the record. *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex.1991); *DSC Fin. Corp. v.*

---

**2.** 11 U.S.C. § 1101 et seq. (1979).

**3.** Claims against an estate of a decedent shall be classed and have priority of payment, as follows:

7. All ... claims legally exhibited within six months after the original grant of letters testamentary or of administration.
8. All claims legally exhibited after the lapse of six months from the original grant of letters testamentary or of administration.

*Moffitt,* 815 S.W.2d 551, 551 (Tex.1990); *Flores v. H.E. Butt Grocery Co.,* 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ); Tex.R.App.P. 45. The last two elements are the only ones in dispute here.

■ Appellants claim they did not participate in the proceedings below because Encino–Cimarron *failed to give notice* that they filed their claim and that the court's order approving the claim was entered without notice to interested parties and without a hearing. Section 33(j) of the Probate Code provides:

> At any time after an application is filed for the purpose of commencing any proceeding in probate, including but not limited to, a proceeding for the probate of a will, grant of letters testamentary or of administration, determination of heirship, and the grant of letters of guardianship, any person interested in the estate or welfare of a ward, *may* file with the clerk a request *in writing* that he be notified of any and all, or of any specifically designated motions, applications, or pleadings filed by any person, or by any particular persons specifically designated in the request.... Failure of the clerk to comply with the request shall not invalidate any proceeding. (emphasis added)

Appellants did not file a request for notice of claims under § 33(j) of the Probate Code. Encino–Cimarron argues that such failure constitutes a waiver of any right to participate. We disagree.

■ In a writ of error proceeding, "participation at the actual trial" ordinarily means taking part in the hearing in open court which leads up to the rendition or judgment. The extent of participation in the actual trial of the case disqualifying a party under Tex.R.App.P. 45 is a matter of degree. A large degree of participation is required before a party is denied appeal by writ of error. *Flores,* 802 S.W.2d at 55.

■ The docket sheets in this case reveal that the only actions taken on behalf of *appellants have* been the filing and the approval of their secured claims. The Pro-

bate Docket further reveals that no hearing was held before the court approved Encino–Cimarron's claim. The situation in this case is similar to those in which the defendant waived citation but was allowed to bring a writ of error. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *see Flores,* 802 S.W.2d at 56. We hold that the appellants did not participate in the proceedings below and may bring this appeal by writ of error.

■ Appellants contend that the order allowing Encino–Cimarron's claim effectively vacates the court's previous order approving the Bank's preferred debt and lien claim. We agree. The trial court's order approving the Bank's claim is a final order, having the force and effect of a final judgment. Tex.Prob.Code Ann. § 312(d) (Vernon 1980). The trial court has plenary power to grant a new trial, vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed unless a motion for new trial was filed. Tex. R.Civ.P. 329(b). However, here, no motion for new trial was filed regarding the Bank's claim. Encino–Cimarron undertook no action that would allow the Court to vacate or change its order. Thus, the court had no jurisdiction to change or vacate the order. The order approving Encino–Cimarron's subrogation claim effectively vacated the court's previous order, which the court was not empowered to do.

■ We further agree with appellants that Encino–Cimarron cannot acquire the Bank's Class 7 status claim by way of subrogation. Any subrogation claim by the partnership could not have arisen until such time as the partnership conveyed the portion of the mortgaged property back to the Bank. The conveyance was made pursuant to a settlement between The Bank of Corpus Christi and Tim Clower, entered on December 17, 1990, more than six months after letters of administration were granted by the court (on September 27, 1989). Although the general partnership states that its claim was legally presented to the estates' administrator during independent administration, we find no evidence in the record to substantiate this claim. As such,

Encino–Cimarron's claim is a Class 8 unsecured claim as a matter of law. TEX.PROB. CODE ANN. § 322 (Vernon 1992).

Encino–Cimarron argues that it is subrogated to the Bank of Corpus Christi's rights since it paid William Wallock's Bank debt by forfeiting partnership property. Because the Bank of Corpus Christi's authenticated claim was filed within the time limits required by § 322 for a Class 7 claim, Encino–Cimarron claims that it can subrogate to the Bank's rights and preserve the Bank's Class 7 priority status. Encino–Cimarron apparently bases its subrogation claim upon the laws governing commercial paper, which provide that comakers on a note are jointly and severally liable for the obligation. TEX.BUS. & COMM. CODE ANN. § 3.118(5) (Vernon 1968); *see also Bixenstine v. Palacios*, 805 S.W.2d 889, 892 (Tex.App.—Corpus Christi 1991, no writ).

The partnership agreement states that the partnership executed the non-recourse note, pledging partnership property as security. Each partner, including Wallock, signed as a maker on the note. The purpose of the note was to provide for the initial capitalization of the partnership. The general partnership agreement further states that the partners share profits and losses as follows:

| | |
|---|---|
| Tim Clower | 50.00% |
| William D. Wallock | 33.34% |
| Encino–Cimarron 62, Ltd. | 16.66% |

When default occurred, the Bank had the choice of foreclosing on the property or pursuing the individual partners to satisfy the debt. Having obtained the return of the property, the Bank was satisfied. The loss of partnership property became a partnership loss, to be allocated among the partners as prescribed by the partnership agreement. The Texas Uniform Partnership Act provides that:

> Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property, and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits. TEX.REV.CIV. STAT.ANN. art. 6132b § 18(1)(a) (Vernon 1970).

The law of partnership requires such a claim to be brought by one partner against another after an accounting. *Chipley v. Smith*, 292 S.W. 209, 210 (Tex. Com.App.1927, judgment adopted). *Chipley* held that one partner may not sue another with respect to matters arising out of the partnership business without a settlement and accounting of partnership affairs. *Chipley*, 292 S.W. at 210; *Kartalis v. Commander Warehouse Joint Venture*, 773 S.W.2d 393, 394–95 (Tex.App.—Dallas 1989, no writ); *see Rice v. Lambert*, 408 S.W.2d 287, 291 (Tex.App.—Corpus Christi 1966, no writ). An exception to this rule is that one partner may sue another at law without resort to an accounting where the case is so simple and free from complexity that it can be disposed of easily. *Chipley*, 292 S.W. at 210; *Kartalis*, 773 S.W.2d at 395. Although the instant case is one in which a partnership was formed for the limited purpose of acquiring a tract of land, holding it, and selling it for a profit, the circumstances do not allow it to fall within this exception.

When the limited partnership withdrew, Encino–Cimarron's attorney advised the remaining partners that they should allocate the limited partnership's capital contribution between themselves in proportion to their share in the profits and losses—50/83.34ths for Tim Clower, 33.34/83.34ths for the Wallock estates. The record does not disclose whether this was ever done or how the profit/loss percentages were altered after the limited partnership withdrew. For this reason, we agree with appellants that an accounting is required in order to determine the true amount due from the estates. For all of the foregoing reasons, we hold that the trial court erred in allowing the claim for the full amount and allowing it as a Class 7 claim against the estates.

We sustain appellants' point of error and VACATE the trial court's order of April 4,

1991 allowing Encino–Cimarron General Partnership's claim. We further order that Encino–Cimarron General Partnership's claim be classified as a Class 8 claim under the Texas Probate Code § 322, subject to an accounting by the parties.

We reverse the trial court's judgment and remand the cause for entry of judgment in accordance with this opinion.