**TEXACO, INC., Appellant,**

v.

**CENTRAL POWER & LIGHT COMPANY, Appellee.**

**No. 04–93–00376–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 28, 1995.

Rehearing Denied March 31, 1995.

W. Wendell Hall, Fulbright & Jaworski, San Antonio, Joy M. Soloway, Fulbright & Jaworski, Houston, for appellant.

G. Don Schauer, Pipitone, Schauer, Simank & Ledbetter, Corpus Christi, Russell H. McMains, Stacy Keaton, Law Offices of Russell H. McMains, Corpus Christi, Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, Alice, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

CHAPA, Chief Justice.

Appellant Texaco, Inc. brings this appeal by writ of error from an adverse judgment on appellee Central Power & Light Co.'s (C.P.L.) claim for indemnity. The threshold issue to be determined is whether we have jurisdiction over this appeal. We conclude that we do not.

## I. FACTS

The facts necessary to determine our jurisdiction are not in dispute. Eduardo Espinoza and his wife, plaintiffs below, sued Texaco, a Texaco employee, and C.P.L. for injuries Eduardo sustained while attempting to repair an electrical problem on property leased by Texaco. C.P.L. filed a cross-claim for indemnity against Texaco, alleging that it was entitled to full indemnification from Texaco pursuant to a Public Utility Commission tariff. Texaco answered the allegations of the plaintiffs and the cross-action of C.P.L. and participated fully in all pretrial matters. The case was called for trial on the morning of October 19, 1992. Each party appeared

and announced "ready"[1] on all matters before the court. After a brief discussion, the attorneys were excused to confer on their pretrial motions. Jury selection began later that same afternoon. The statement of facts reflects appearances at jury selection and the remainder of the trial only by counsel for plaintiffs and counsel for C.P.L., with the exception of October 20, 1992.

On October 20, 1992, the second day of trial, an attorney for Texaco appeared in court during a recess to recite into the record Texaco's settlement agreement with plaintiffs. The cross-claim against Texaco by C.P.L. was not addressed in the recitation of the settlement, and, after the court approved the settlement, Texaco's counsel departed.[2]

The jury was then brought back into the courtroom and the trial resumed with only counsel for the plaintiffs and C.P.L. present. During the trial, C.P.L. made a motion for the court to take judicial notice of the Public Utility Commission Tariff which would allow C.P.L. full indemnification from Texaco. Texaco was notified of the motion and failed to respond. At the end of the trial, the jury returned a verdict finding negligence in the following percentages: Texaco—50 percent; C.P.L.—20 percent; Eduardo Espinoza—30 percent. The judgment recites that Texaco and C.P.L. are jointly and severally liable for plaintiffs' damages, with a credit for Texaco's settlement with plaintiffs. The judgment further recites that the court had taken judicial notice of the Public Utility Commission Tariff and that C.P.L. is entitled to full indemnification from Texaco. Texaco appeals by writ of error.

## II. ELEMENTS OF WRIT OF ERROR

 The requirements for bringing an appeal by writ of error are: (1) the appeal must be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error must be apparent from the face of the record. *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943 (Tex.1991); *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982). Each of these elements is mandatory and jurisdictional. *Robertson v. Hide–A–Way Lake Club, Inc.*, 856 S.W.2d 841, 843 (Tex.App.—Tyler 1993, no writ). The only element here in dispute is whether Texaco participated in the actual trial to an extent that it is barred from appeal by writ of error.

## III. PARTICIPATION GENERALLY

 "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error." TEX. R.APP.P. 45(b). "Actual trial" is defined "as ordinarily understood to be the hearing in open court, leading up to the rendition of judgment, on the questions of law and fact." *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex.1985); *see also Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). The extent of participation required is a matter of degree. *Stubbs v. Stubbs*, 685 S.W.2d at 645; *Robertson v. Hide–A–Way Lake Club, Inc.*, 856 S.W.2d at 844; *In re Estate of Wallock*, 846 S.W.2d 536, 540 (Tex.App.—Corpus Christi 1993, no writ).

 When determining whether a party is precluded from bringing an appeal by writ of

---

1. THE COURT: 14,428 Eduardo Espinoza versus C.P.L. and Texaco et al jury trial.
 MR. GUTIERREZ: The plaintiff is ready, Your Honor.
 MR. SCHAUER: Defendant C.P. and L. is ready.
 MR. WILLIAMS: Defendant Texaco is ready, Your Honor.

2. The dissent seems to find comfort in the fact that Texaco's counsel who announced the settlement agreement was "excused" after the out-of-court settlement hearing, perhaps as being suggestive that Texaco's abandonment of the case was somehow authorized by the court. This completely conflicts with the dissent's recognition that the counsel sent by Texaco to handle the hearing was merely an associate who was admittedly unfamiliar with the case and specifically failed to mention the counterclaim at all, and who intended to "take the day off" when the trial on the merits was proceeding. It is undisputed that Texaco's counsel of record who announced ready on all claims, including the counterclaim, never asked to withdraw any issue in the trial, and the court never granted Texaco permission to withdraw from any aspect of the case.

error due to participation in the actual trial, a court must bear in mind the purpose for that limitation.

> The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.
>
> There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a shorter period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record.

*Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d at 1097–98 (citations omitted).

As this court has previously noted, "the supreme court's definition of participation 'in the actual trial of the case,' despite its apparent clarity, has not furnished a definitive guide." *Mata v. Ruiz*, 640 S.W.2d 415, 417 (Tex.App.—San Antonio 1982, no writ). A review of a variety of cases is instructive.

### 1. Filing an answer and pretrial participation.

In *Tramco Enter., Inc. v. Independent Am. Sav. Ass'n*, 739 S.W.2d 944 (Tex.App.—

Fort Worth 1987, no writ), appellant's intervention was dismissed without notice of the hearing or the dismissal.[3] The appellate court stated, "Appearing, answering, filing pleadings, seeking various forms of relief and participating in preliminary hearings is not participating *in the actual trial that produced the judgment* appellant now attacks." *Id.* at 947 (emphasis in original). The court concluded that appellant had not participated in the trial. *See also In re Van Hersh*, 662 S.W.2d 141, 144 (Tex.App.—Amarillo 1983, no writ); *Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340, 342 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.) (filing an answer is not participation).

### 2. Presence in the courtroom.

"The mere physical presence of a party in the courtroom during a trial does not constitute participation sufficient to preclude writ of error." *Allen v. Allen*, 647 S.W.2d 356, 361 (Tex.App.—El Paso 1982, no writ); *see also Collins v. Collins*, 464 S.W.2d 910, 912 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Specia v. Specia*, 292 S.W.2d 818, 819 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.). Appellant in *Allen* had petitioned the court for a writ of habeas corpus to secure the return of her son. The boy's father filed a motion to modify custody. Appellant managed to obtain possession of the boy and left the state with him. Her attorney appeared before the court to take a nonsuit in the habeas corpus proceeding. The court disallowed the nonsuit and then summarily entered an order giving custody to the father. The court of appeals held that appellant did not participate in the trial. Her attorney appeared only for purposes of the motion to nonsuit. As to the modification of custody, he was no more than a mere spectator in the courtroom. *See Allen*, 647 S.W.2d at 360–61.

### 3. Testifying at trial.

█ While mere presence in the courtroom does not constitute participation in the

---

**3.** The plaintiff and defendants settled their claims and sought a dismissal. The court added the language, "any relief not herein granted is de-

nied." This language effectively terminated the intervenor's claim.

actual trial, giving testimony, even though on behalf of another defendant, does. *See Mata v. Ruiz,* 640 S.W.2d at 417.

### 4. Summary judgment.

█ Appellant in *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd), sought to appeal by writ of error an adverse summary judgment. The court began its analysis of jurisdiction by noting that the extent of participation in the actual trial that precludes review by writ of error "appears to be one of degree" and that writ of error review is not barred by filing an answer or a motion for new trial. *Id.* at 203. It is, however, barred by participating in the actual trial that leads to a final judgment or by excepting to the judgment in open court. *Id.* The court stated:

> In brief, since all party and counsel participation necessary to prepare and present the summary judgment situation is required to be concluded prior to the day set for hearing the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel participation at the hearing granting the motion for summary judgment.

*Id.* at 204 (footnote omitted).

The court concluded that, although appellant was not present for the summary judgment hearing, her participation was completed prior to that time. In accordance with the rationale set forth in *Lawyers Lloyds,*

> appellant ... was in a position to utilize, and consequently should have used, the more speedy method of appeal for which, with an evidentiary record familiar to her prior to the hearing and unaltered by or at the hearing, the shorter appeal period of time was sufficient.

*Id.* at 205.

This court followed *Thacker* in *Dillard v. Patel,* 809 S.W.2d 509 (Tex.App.—San Antonio 1991, writ denied). Appellant filed a response to appellee's motion for summary judgment but did not appear for the sum-

mary judgment hearing. We concluded that he participated at the actual trial of the case for purposes of rule 45(b) and dismissed the writ of error for want of jurisdiction. *Id.* at 512.

### 5. Striking pleadings/dismissal as sanction.

The dismissal of a cause of action or defense due to discovery abuse is analogous to a summary judgment for purposes of gauging participation at trial.

Appellants in *Classic Promotions, Inc. v. Shafer,* 846 S.W.2d 948 (Tex.App.—Houston [14th Dist.] 1993, no writ), personally participated up to and including the time the trial court struck their pleadings as a discovery sanction. They filed a pro se response to the motion for sanctions and failed to request an oral hearing on that motion. Although appellants did not participate in the hearing on sanctions, they did participate at earlier proceedings in which their rights were determined. *Id.* at 949–50. The entry of the sanctions order was dispositive as to them and fulfilled the "participation" requirement of rule 45(b). *Id.* at 950. *See also Girdley v. Southwestern Bell Yellow Pages, Inc.,* 869 S.W.2d 409, 411 (Tex.App.—El Paso 1993, writ denied); *Francis v. Denenberg,* 742 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Norman v. Dallas Cowboys Football Club,* 665 S.W.2d 137, 140 (Tex.App.—Dallas 1983, no writ).

In *Flores v. H.E. Butt Grocery Co.,* 802 S.W.2d 53 (Tex.App.—Corpus Christi 1990, no writ), appellants filed an original petition and appeared for a docket control conference. Their petition was later dismissed for discovery violations and for failure to amend their petition in answer to special exceptions. *Flores* differs from the cases cited above in that appellants did not appear at the hearing on sanctions which led to the dismissal of their petition. The court of appeals concluded that they were not precluded from bringing an appeal by writ of error.

### 6. Signing the judgment.

Appellant in *Stubbs v. Stubbs,* 685 S.W.2d 643 (Tex.1985), signed an agreement incident

to divorce providing for division of property and conservatorship and support of the minor child. She also signed a waiver of citation. She did not appear at the hearing in which the divorce decree was rendered. The court held that signing a waiver of citation and the divorce agreement were not sufficient acts of participation to preclude writ of error review. *Id.* at 645. The court distinguished *Blankinship v. Blankinship,* 572 S.W.2d 807 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), because appellant in that case waived the making of a statement of facts and also signed the judgment prior to its entry by the trial court. Those actions were held to be participation in the actual trial. *Blankinship,* 572 S.W.2d at 808.

### 7. Motion for new trial.

■ Merely filing a motion for new trial does not constitute participation in the actual trial for purposes of rule 45(b). *Lawyers Lloyds of Texas v. Webb,* 152 S.W.2d at 1098. Further, participation at a hearing on a motion for new trial does not preclude review by writ of error, even though review by direct appeal would have been available. *South Mill Mushrooms Sales v. Weenick,* 851 S.W.2d 346, 348 (Tex.App.—Dallas 1993, writ denied). The Dallas court stressed that the controlling requirement is taking part in a hearing that leads to the final judgment. *Id.*

■ Similarly, appearing at a hearing to set aside a temporary default judgment is not participation in the actual trial. *Houtex Managing Gen. Agency v. Hardcastle,* 735 S.W.2d 520, 521 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The Houston court also stressed the necessity of participating in "a courtroom hearing leading to the judgment rendered." *Id.*

### 8. Nonsuit.

*Robertson v. Hide–A–Way Lake Club, Inc.,* 856 S.W.2d 841 (Tex.App.—Tyler 1993, no writ), was concluded at the trial level by a nonsuit order. Unfortunately, appellant's counsel had intended to nonsuit a prior case

against the same defendant, but misnumbered the nonsuit order. The court held that, although it was a mistake, counsel's preparation, approval, and submission to the court of the nonsuit order constituted participation in the actual trial which barred review by writ of error. *Id.* at 844.

In *Adams v. Isbell,* 615 S.W.2d 254 (Tex. Civ.App.—Dallas 1981, no writ), appellant's attorney appeared in court and obtained a nonsuit. The attorney left the courtroom and the counterclaim thereafter proceeded to trial. *Id.* at 255. The court held that appellant was not denied review by writ of error because neither he nor his attorney was present and participated in the hearing that led to the rendition of judgment. *Id.*

## IV. PARTICIPATION BY TEXACO

■ The issue is whether Texaco participated in the actual trial of the present case by answering C.P.L.'s counterclaim, announcing "ready" for trial as to all matters including the counterclaim, appearing during trial to announce the terms of its settlement with the plaintiffs, and receiving notice of, and failing to respond to, the motion to take judicial notice of the tariff that formed the basis of the counterclaim. C.P.L. also urges that writ of error review is not available to Texaco because it was promptly notified of the entry of judgment which recited that the court had taken judicial notice of the tariff, and it was thus charged with notice of the judgment and the indemnity finding included therein. The apparent significance of this argument is that Texaco could have filed a regular appeal had it chosen to do so. We will address each contention separately.

### 1. Filing an answer to the counterclaim.

■ Filing an answer to a lawsuit is not considered participation in the actual trial such as precludes review by writ of error. *Phillips Petroleum Co. v. Bivins,* 423 S.W.2d at 342. Even participation in preliminary hearings and requesting relief from the court does not constitute such participation. *Tramco Enters., Inc. v. Independent Am.*

*Sav. Ass'n,* 739 S.W.2d at 947; *In re Van Hersh,* 662 S.W.2d at 144.

 C.P.L. urges that by filing an answer to the counterclaim, Texaco made its position on that claim known to the trial court. It relies for support on *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.App.—Amarillo 1973, writ dism'd). *Thacker,* and other summary judgment cases, are distinguishable for the very fact that they involve summary judgments. As noted above, "all party and counsel participation necessary to prepare and present the summary judgment situation is required to be concluded prior to the day set for hearing on the motion. . . ." *Thacker,* 496 S.W.2d at 204; *accord Dillard v. Patel,* 809 S.W.2d at 512. The evidentiary record is familiar to a party who files summary judgment documents, regardless of whether he appears at the hearing, and that record is "unaltered by or at the hearing." *Thacker,* 496 S.W.2d at 205; *accord Dillard v. Patel,* 809 S.W.2d at 512.

Therefore, since the rationale of the summary judgment cases simply does not apply to a case determined by a trial on the merits, we cannot hold that filing an answer to C.P.L.'s counterclaim alone constituted participation in the actual trial such that Texaco is precluded from appealing by writ of error. The facts of this case, however, involve many more factors than merely filing an answer to the counterclaim, which will be discussed later in this opinion.

### 2. Availability of regular appeal.

 The Dallas court of appeals correctly rejected the argument that, if a party has time to file a normal appeal, writ of error is not available:

> [T]he supreme court's test for participation does not rest on opportunity to appeal by ordinary means but on participation leading up to the rendition of the judgment. . . . Nothing in rule 45(b) precludes review by writ of error because an appellant could have pursued a normal appeal.

*South Mill Mushrooms Sales v. Weenick,* 851 S.W.2d at 349.

 We cannot hold that Texaco is barred from writ of error review simply because it had notice of the judgment against it in time to have filed a regular appeal. The judgment in this case, however, specifically recited the judicial notice of the tariff, which formed the basis of the counterclaim and, when considered with other factors, increased the degree of participation of Texaco considerably, as will be discussed later in this opinion.

### 3. Announcement of ready.

 As noted above, mere presence in the courtroom during trial is not participation for rule 45(b) purposes. *See Allen v. Allen,* 647 S.W.2d at 361; *Collins v. Collins,* 464 S.W.2d at 912; *Specia v. Specia,* 292 S.W.2d at 819. Appellant in *Allen* had petitioned the court for a writ of habeas corpus to secure the return of her son. The boy's father filed a motion to modify custody. Appellant's attorney appeared before the court to take a nonsuit in the habeas corpus proceeding. The court disallowed the nonsuit and then summarily entered an order giving custody to the father. The court of appeals held that appellant did not participate in the trial. Her attorney appeared only for purposes of the motion to nonsuit and did not announce ready on the motion to modify. As to the modification of custody, he was no more than a mere spectator in the courtroom. *See id.* at 360–61.

The case at bar is distinguishable from *Allen.* Texaco did not appear at trial solely for the purpose of announcing the terms of its settlement agreement with plaintiffs. Rather, immediately prior to jury selection and prior to its settlement, Texaco announced "ready" for trial. This announcement was made on the record and was unconditional. Texaco cannot urge that it appeared solely for purposes of defending against plaintiffs' suit and not for purposes of defending against C.P.L.'s counterclaim. Because it announced "ready" for trial of all issues before the court, Texaco was not a mere spectator in the courtroom at any time thereafter.

### 4. Announcement of settlement agreement.

Texaco urges that *Adams v. Isbell,* 615 S.W.2d 254 (Tex.Civ.App.—Dallas 1981, no writ), is dispositive of C.P.L.'s claim that it participated in the actual trial. Appellant in *Adams* filed suit against appellee, who filed a counterclaim. On the day of trial, appellant's attorney appeared in court and obtained a nonsuit. Although the court warned him that all issues were set for trial and the counterclaim would go to trial, the attorney left the courtroom. Neither appellant nor his attorney was present in the courtroom thereafter. *Id.* at 255.

Appellee argued that appellant was precluded from bringing a writ of error because his attorney participated at trial "by being present on the day the case was set; by being present at least long enough to offer and secure the nonsuit; and by being present long enough to receive the court's caution as to the instanter trial of the counterclaim." *Id.* at 256. The court rejected this argument, noting that the record did not reflect that appellant or his attorney was present and participated in the hearing that led to

the rendition of judgment. *Id.* Thus, appellant was not denied review by writ of error. *Id.*

The present case is distinguishable from *Adams*[4]. First, there is no indication in *Adams* that appellant had announced "ready" for trial at any time. On the contrary, it appears that, like appellant in *Allen,* appellant appeared only for purposes of taking the nonsuit. For purposes of the counterclaim, he was merely a spectator in the courtroom. As noted above, Texaco cannot be considered a mere spectator, having announced "ready" for trial of both plaintiffs' claim and C.P.L.'s counterclaim. *Adams* is also distinguishable because after taking a nonsuit and leaving the courtroom, neither appellant nor his attorney was ever present in the courtroom. *See Adams v. Isbell,* 615 S.W.2d at 255. Texaco, however, appeared before the court during the course of the trial to announce the terms of its settlement with plaintiffs, and received notification of the motion to take judicial notice of the tariff without responding.[5] There can be no question that this appearance constituted participation

**4.** The dissent erroneously finds *Adams* controlling and insists that it is indistinguishable from the case before us. In *Adams,* appellant's attorney specifically appeared for the sole purpose of taking a nonsuit for his client and for no other reason. Upon being informed by the court that it would proceed with the counterclaim, counsel clearly indicated that he was not ready on the counterclaim by leaving the courtroom immediately upon taking the nonsuit and proceeding no further. In the case before us, Texaco announced ready unconditionally on all matters including the counterclaim, returned to enter the settlement agreement, and acquiesced in the court's taking judicial notice of the tariff which was the cornerstone of the counterclaim. The distinction is obvious.

**5.** The dissent completely ignores the significance of Texaco's nonresponse to the timely notification during the trial of the court's intention to take judicial notice of the tariff. The dissent further insists that Texaco's failure to respond when so timely notified during trial should not "preclude Texaco from asserting that it was 'unfamiliar with the record.'" After suggesting that Texaco's failure to respond prevented appellees from contending that a response would have amounted to participation in the trial, the dissent concludes that "nothing in the record indicates that Texaco's counsel was absenting himself from

court in order to procure some strategic advantage for his client." The significance of the failure to respond, however, simply cannot be ignored.

If Texaco intentionally refused to respond to the notification of the court's actions pertaining to the tariff in order to not be accused of participating in the trial, it would have been courteous, if not obligatory, for Texaco to have informed the court that it had not intended to announce ready on the counterclaim. That the court was misled to believe Texaco when it announced ready unconditionally is obvious, because the only relevance for the introduction of the tariff was in conjunction with the counterclaim. Since the tariff was the cornerstone of the counterclaim, Texaco must have been keenly aware when notified of the court's action pertaining thereto that the court and other parties were proceeding with the counterclaim based on Texaco's unconditional announcement of ready. At that point, the court should have, at least, been notified immediately that it was apparently misled to believe Texaco's announcement at the outset of the trial. Moreover, the dissent's conclusion that Texaco was justified under these circumstances in later declaring it was unfamiliar with the record is considerably weakened upon consideration that the entire basis for the counterclaim rested on the tariff, which was introduced for that sole purpose with notice to Texaco.

in the "actual trial" or decision-making event leading to final disposition of its dispute with plaintiffs. *See Girdley v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d at 411; *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d at 950.

Plaintiffs' claims and C.P.L.'s counterclaim against Texaco arose as parts of the same lawsuit. C.P.L. based its cross-action on the tariff, of which Texaco was well aware. All causes of action were tried together and disposed of together. All parties, including Texaco, appeared and announced ready for all claims and counterclaims together. At the time Texaco appeared to announce its settlement with plaintiffs, there had been no severance of any claims and the trial of the claims was then proceeding. After settling the plaintiffs' cause of action, Texaco was aware that its only remaining exposure involved the cross-action, which was based on the tariff. Since Texaco was made fully aware of the motion to take judicial notice of the tariff, without any response, it is now precluded from claiming that it was "unfamiliar with the record" as it pertained to its exposure, and that it therefore needed extra time to perfect the appeal. *See Lawyers Lloyds*, 152 S.W.2d at 1098. The circumstances of this case indicate that Texaco had "sufficient familiarity with the events from [its] participation in the proceedings to enable [it] to prosecute an immediate appeal...." *Blankinship*, 572 S.W.2d at 808–09; *see also Dillard v. Patel*, 809 S.W.2d at 512 (finding appellant's familiarity with evidentiary record sufficient to require use of regular appeal process).

We cannot hold that Texaco appeared and participated in the actual trial only of plaintiffs' claims against it. The announcement of "ready" by Texaco was clearly a general appearance at trial for all purposes in all claims. Similarly, its participation in reciting the settlement disposition of its dispute with plaintiffs, along with its receiving notice of the motion to take judicial notice of the tariff without responding, constituted sufficient familiarity with the issues as well as participation in the actual trial of all claims then in issue, including C.P.L.'s counterclaim. *See Lawyers Lloyds*, 152 S.W.2d at 1098.

## V. CONCLUSION

While we acknowledge that rule 45 should be liberally construed in favor of the right to appeal, *see Stubbs v. Stubbs*, 685 S.W.2d at 645, *Robertson v. Hide–A–Way Lake Club, Inc.*, 856 S.W.2d at 844, we are also mindful that "[w]rit of error is not available to a party who suffers a default or final judgment at its own hands...." *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d at 55; *see also Girdley v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d at 411. We agree with the Fourteenth Court of Appeals that the supreme court could not have intended "to protect those who deliberately choose *not to participate* in the judicial process." *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d at 951 (emphasis in original).

Participation in the actual trial is a matter of degree for purposes of rule 45(b), but this does not mean that a party can pick and choose the *issues* on which it participates. "Once both parties announce ready for trial, they commit themselves to a disposition of the action unless relieved of this obligation by the grace of the court...." 4 *McDonald Tex.Civ.Prac.* § 21:3 (1992). After having appeared and announced "ready" for trial on the entire case, Texaco made a conscious choice to participate in some aspects of the trial below, but to neglect other aspects. While that strategy was Texaco's right, it thereafter had a duty, if it chose to appeal the court's judgment, to bring a regular appeal according to the normal appellate timetable. Appeal by writ of error is not available under these circumstances. *See Classic*

Whether some strategic advantage for Texaco has been gained can best be answered by pointing out that the entire justification for this late writ of error appeal rests on these actions of Texaco. If Texaco succeeds, it was spared the usual burdens of other parties that have announced ready under similar circumstances—the burden not only of appealing timely, but of preserving a record with proper objections in order to successfully appeal.

*Promotions, Inc. v. Shafer,* 846 S.W.2d at 951.

For all the foregoing reasons, we hold that Texaco participated in the actual trial of the case below so that it is precluded from bringing this appeal by writ of error. Appellee's motion to dismiss is granted. Considering the inconclusive state of the law regarding what constitutes participation in the actual trial for purposes of rule 45(b), we cannot say that Texaco's attempt to appeal by writ of error warrants the imposition of sanctions. That request is denied.

The appeal is dismissed for lack of jurisdiction.

RICKHOFF, Justice, dissenting.

Because there is a conflict among the courts of appeals and between the justices on this panel endeavoring to conscientiously interpret rule 45(b), the supreme court should now offer a clear guide for the courts to evaluate "participation in the actual trial" as used in this rule. *See* TEX.R.APP.P. 45(b).

Presently, participation "in the actual trial of the case in the trial court" is a matter of degree. *Stubbs v. Stubbs,* 685 S.W.2d 643, 645 (Tex.1985). The issue of participation arises in a variety of contexts, though, from default and summary judgments to full trials on the merits. The degree of participation required to bar availability of writ of error review is necessarily different depending on the context in which the issue arises. For example, in the summary judgment context, a litigant may be barred from appeal by writ of error even if he did not appear in the courtroom because participation in the decision-making event is complete prior to this time. *See Dillard v. Patel,* 809 S.W.2d 509, 512 (Tex.App.—San Antonio 1991, writ denied); *Thacker v. Thacker,* 496 S.W.2d 201, 204 (Tex.Civ.App.—Amarillo 1973, writ dism'd).

At the other end of the spectrum is participation in a trial on the merits. In this context, even pretrial participation or physical presence in the courtroom during trial may not be sufficient to bar review by writ of error. *See Tramco Enter., Inc. v. Independent Am. Sav. Ass'n,* 739 S.W.2d 944, 947 (Tex.App.—Fort Worth 1987, no writ) (pretrial participation); *Allen v. Allen,* 647 S.W.2d 356, 361 (Tex.App.—El Paso 1982, no writ) (mere physical presence in courtroom). It is apparent, then, that assessment of the degree of participation necessary to preclude appeal by writ of error will vary depending on the type of proceeding that leads to the judgment appealed. Disposition of a case by a preliminary motion such as a motion for summary judgment or a motion to dismiss may not require a great degree of participation. Disposition of a case by completion of a full trial on the merits, though, should require a large degree of participation before the appellant is barred from writ of error review. *See In re Estate of Wallock,* 846 S.W.2d 536, 540 (Tex.App.—Corpus Christi 1993, no writ) (large degree of participation). This conclusion is supported by the rule that assessment of actual participation should be liberally construed to favor appeal. *Stubbs v. Stubbs,* 685 S.W.2d at 645.

The judgment Texaco here assails was entered following a full trial on the merits before a jury. Texaco did not participate in jury selection, jury argument, examination of witnesses, or the presentation of evidence. The judgment, signed by the court on December, 1992, recites, "It also appearing that Defendant Texaco, Inc. had settled its portion of this case with the Plaintiffs prior to the selection of a jury for...." The record, however, reflects that Texaco's counsel, during a pretrial conference, announced ready for trial and the attorneys were then excused by the court to confer. During the trial, an attorney, recognized by the court as representing Texaco, returned to the court. The court announced to the jury, "This is one of those times that uh, we can't tell you what's going on. Okay?" The jury was then excused, and, during that recess a settlement agreement was announced. That attorney was then excused by the court.

I disagree that *Adams v. Isbell,* 615 S.W.2d 254 (Tex.Civ.App.—Dallas 1981, no

writ), is distinguishable from the present case. Counsel for appellant in *Adams* appeared before the trial court to obtain a nonsuit. The court specifically informed him that trial on appellee's counterclaim would proceed. In spite of this warning, the attorney left the courtroom. Neither appellant nor his attorney was present in the courtroom after that time. The court of appeals concluded that appellant was not denied review by writ of error because the record did not reflect that he participated in the hearing that led to the rendition of judgment. *Id.* at 256.

Similarly, nothing in our record reflects that Texaco participated in the hearing (trial) that led to rendition of the judgment against it. Texaco's attorney appeared during a recess in the trial for the purpose of announcing a settlement agreement. Not only was he not admonished by the trial court concerning litigation of any pending counterclaim, he was rather casually dismissed by the court:

> THE COURT: Okay. Then the settlement agreement as agreed to by the parties will be approved by the court *and you may go back to work or take the day off whatever.*

(Emphasis added.) This occurred after Texaco's counsel[1] made an effort to conclude all the undetermined issues such as "friendly suits regarding children" or whether Texaco would be "indemnified by virtue of the settlement agreement against any statutory lien

rights of the comp. carrier." Nothing in the record indicates that Texaco's counsel was absenting himself from court in order to procure some strategic advantage for his client.

The majority opinion rests on (1) Texaco's announcement of ready, (2) the announcement of the settlement, and (3) the receipt of and failure to respond to the notice of tariff.[2] In the context of a full jury trial, this "participation" is simply not of sufficient magnitude to preclude Texaco from bringing this appeal by writ of error. Because Texaco never made any appearance before the finder-of-fact, I cannot conclude that it participated in the *actual trial of the case* in the trial court." TEX.R.APP.P. 45(b) (emphasis added). I would deny the motion to dismiss and address this appeal on its merits.

DUNCAN, Justice, dissenting on denial of rehearing en banc; joined by RICKHOFF and GREEN, Justices.

I would join in Justice Rickhoff's dissenting opinion and write separately to stress my concern that the Texas Rules of Appellate Procedure be interpreted liberally, as mandated by Rule 1 of the Texas Rules of Civil Procedure and, with particular reference to Rule 45, TEX.R.APP.P., by *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941). In my view, the majority's opinion ignores this tenet of liberal construction and indeed strains to defeat rather than preserve Texaco's right to appeal by writ of

---

1. It appears that the attorney sent by Texaco to announce the settlement agreement may not have been one of the attorneys originally assigned to conduct the litigation. This attorney acknowledged that he was "not as well versed in the facts of the case as the rest of the counsel are." While we certainly do not condone appearance by counsel who is not prepared, this attorney's efforts to ensure that all matters involving Texaco were concluded highlight the failure of either the trial court or opposing counsel to inform him of continuing litigation of the pending counterclaim.

2. While Texaco may have been aware of its exposure to liability based on the tariff, this knowledge is not the equivalent of participation at trial. Were it otherwise, simply serving a party with

notice of the claims against it could be construed as "participation." Further, contrary to the majority's conclusion, knowledge of the tariff does not preclude Texaco from asserting that it was "unfamiliar with the record" and required additional time to perfect an appeal. Nothing in the record demonstrates that Texaco was familiar with the record establishing C.P.L.'s liability or the extent of the plaintiffs' damages. These elements are crucial to an evaluation of Texaco's ultimate liability to C.P.L. Further, I question the majority's reliance on Texaco's failure to respond to the notice of tariff as evidence of its participation at trial. If Texaco had responded, appellees would be arguing that that response constituted participation.

error. I therefore respectfully dissent from the court's denial of rehearing en banc.