**Dismiss and Opinion Filed September 30 , 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00711-CV

### IN THE INTEREST OF J.C.F., A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-15766**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Garcia

This appeal from the trial court's December 8, 2023 order in suit affecting the parent-child relationship was filed on June 5, 2024, as a restricted appeal. *See* TEX. R. APP. P. 26.1(c) (setting six-month deadline from date judgment signed for filing notice of restricted appeal), 30 (providing for restricted appeal). Because the record reflected appellant testified and called witnesses at the two hearings that resulted in the December order and timely filed a motion for new trial, and a restricted appeal may be filed only if the party seeking to appeal did not participate, either in person or through counsel, in the hearing that resulted in the complained-of judgment or order and did not timely file a post-judgment motion, request for findings of fact and

conclusions of law, or notice of appeal,[1] we questioned our jurisdiction over the appeal. *See id.* 30; *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.) (restricted appeal requirements that party not have participated at trial and not have timely filed post-judgment motion are jurisdictional).

In briefing filed at our request, appellant acknowledges she participated in the two hearings that led to the December order and timely filed a motion for new trial. Nonetheless, she asserts various arguments as to why neither her participation nor timely filing of a new trial motion should deprive us of jurisdiction. We do not address the arguments, however, as once participation or the timely filing of a post-judgment motion is shown, our inquiry as to whether a restricted appeal is proper ends. *See* TEX. R. APP. P. 30, 47.1.

Having testified, called witnesses, and timely filed a new trial motion, appellant is precluded from proceeding with this restricted appeal. *See id.* 30; *Lab'y Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528 (Tex. App.—Dallas 2000, no pet.) (restricted appeal is permitted only when appellant "*did not timely file a postjudgment motion*") (emphasis in original); *Mata v. Ruiz*, 640 S.W.2d 415, 417 (Tex. App.—San Antonio 1982, no writ) (per curiam) (testifying, even if

---

[1] This is consistent with the intent of a restricted appeal and its six-month filing deadline: to provide a party unfamiliar with the record and "untimely surprised" by the judgment an opportunity to become familiar with the record and more time than the thirty-to-sixty-day deadline of an ordinary appeal to seek correction of an erroneous judgment. *See* TEX. R. APP. P. 26.1, 26.1(a),(c); *Lawyers Lloyds of Tex. v. Webb*, 152 S.W.2d 1096, 1097-98 (Tex. 1941) (construing writs of error, the predecessors to restricted appeals); *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet).

on behalf of other party, constitutes participation).  Accordingly, we dismiss the appeal for want of jurisdiction. *See id.* 42.3(a),

_/Dennise Garcia/_
DENNISE GARCIA
JUSTICE

240711F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF J.C.F., A
CHILD

No. 05-24-00711-CV

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-15766.
Opinion delivered by Justice Garcia,
Justices Reichek and Goldstein
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered September 30, 2024